L. A. HARTMAN *et al.*, Respondents, *vs.* GEORGE W. BERRY, *et al.*, Appellants.

| 56 | 487 |
|---|---|
| 89a | 205 |

1. *Mechanics' lien—Bond against liens—Liens filed by surety on bond—Estoppel—Counter-claim—Injunction.*—A. advanced money to B. to enable B. to improve certain land, taking a deed of trust on the land, and a bond from C., the contractor, with D. as surety, that the buildings to be erected would be delivered to B. free from mechanic's liens. E. afterwards purchased the property and took an assignment of the bond. D. subsequently filed a lien for materials delivered to C. for the builders. *Held*, that D. was not estopped by the bond from filing his lien; that if A. lost any part of his money by reason of. such lien being filed, the damage so sustained might be set up as a counter-claim. *Semble*, that if D. was about to enforce a lien, which endangered A's. debt, A. might enjoin its collection till his debt was paid.

*Appeal from St. Louis Circuit Court.*

*Slayback & Hœussler*, for Appellants.

*Bereman & Smith*, for Respondents.

1. It is no defense to my action upon your note for you to plead that you hold my covenant not to sue you upon said note, and therefore I ought not to have and maintain my action. (Atwood vs. Lewis, 6 Mo., 392; Bircher vs. Payne, 7 Mo., 462; Bond vs. Worley, 26 Mo., 253.)

ADAMS, Judge, delivered the opinion of the court.

This was an action under the mechanics' lien law, brought by the plaintiffs, as lumber men, for a balance due for lumber furnished the defendant, George W. Berry, contractor, under a contract by him with one Anna Griswald and her husband, L. M. Griswald, for building a row of eight houses in St. Louis. During the progress of the buildings the defendant, Humphreys, purchased the property under a deed of trust, which had been made by the Griswalds to secure a debt to one Maria E. Bates.

The petition is in the usual form. The defendant Berry made no defense, and judgment by default was rendered against him as contractor. The defendant, Humphreys, as owner of the property, filed an answer traversing all the material allegations of the petition. The answer then proceeds

to set up new matter in the following words: "And defendant, for a more full and perfect answer herein, avers the truth to be, that long prior to the time of his purchasing the premises in controversy, to-wit: On the 15th of September, 1871, and whilst said buildings were being erected, the plaintiffs herein, as sureties for defendant Berry, and in consideration that said Griswalds, the owners, would raise money for said Berry on said property, then and there undertook and agreed, that they and the said Berry would deliver to said Griswalds, when completed, all of said buildings in the petition described, free from all mechanics' liens and other indebtedness of whatever character, growing out of the erection of the same, or in any way appertaining thereto, and then and there made, executed and delivered to one Maria E. Bates a certain bond in the words and figures following, to-wit: "Know all men by these presents, we, George W. Berry, principal, and L. A. Hartman and W. Graham as surety, all of the City and County of St. Louis, and State of Missouri, are firmly bound unto Maria E. Bates, of the same City, County and State, in the just and full sum of ten thousand dollars. The following are the conditions of this bond: Geo. W. Berry having contracted to build eight two story brick dwelling houses on the east side of Twelfth street between Spring and Wright streets, in city block No. 1127, in City of St. Louis, State of Missouri, for Anna Griswald, for the sum of eleven thousand dollars, according to plans and specifications previously adopted and signed. between said Berry and Griswald, in furtherance of which Maria E. Bates has loaned to said Anna Griswald the sum of six thousand dollars, secured by deeds of trust on said premises; three thousand dollars of said amount has been paid to her, and the remaining three thousand dollars is to be paid to the contractor as the work progresses on said buildings, in the following instalments, to-wit: When the cellars are excavated, and cellar walls are made, and joists laid thereon, one thousand dollars is to be paid; and when the first story is up and joists laid, one thousand dollars more is to be paid, and the remaining one thousand

dollars, when the buildings are entirely completed and finished, according to the plans and specifications heretofore adopted; and a copy of said plans and specifications are in the hands of said Berry. Now if the said Berry as principal, or said Hartman or Graham as sureties, shall deliver to said Griswald when completed, all of said buildings heretofore mentioned free from all mechanics' liens and other indebtedness of whatever character growing out of the construction of the same or in any way appertaining thereto, then this obligation to be null and void, otherwise to remain in full force and effect.

In testimony, whereof we have hereunto set our hands and seals.

Geo. W. Berry. [SEAL.]<br>L. A. Hartman. [SEAL.]<br>Wm. Graham. [SEAL.]

And defendant avers, that, upon the delivery of said bond, said Bates did loan the money specified in said agreement; that this defendant thereafter purchased said property and buildings of said Griswalds' trustee in an unfinished condition, and faithfully carried out the conditions of said contract, with defendant Berry, alluded to in said agreement on the part of said Griswalds to be performed, on the faith of such bond and undertaking of plaintiffs herein, that said buildings would be delivered free from all liens; and said bond and undertaking aforesaid was then and there by said Bates duly assigned to this defendant; and said defendant, relying on said covenant and agreement of said plaintiffs in said bond contained, that said Berry would deliver said houses to said Griswalds when completed free from all mechanics' liens and other indebtedness of whatever character, then and there paid to said Griswalds' trustee the purchase money for said property, and paid said Berry in full for completing said houses, and defendant says that by means of said acts of plaintiffs he was led to believe that plaintiffs would faithfully carry out their bonds and agreements, and protect said buildings from all liens, much less file one themselves; and he says

that by means of the premises, they are estopped from prosecuting any action against said premises, or this defendant as the assignee of said Griswalds' trustee and Bates, and ought not to be allowed to now maintain this action, which they had expressly bound themselves to hold said Bates and his assignees harmless from; and cannot in equity and conscience now be permitted to prosecute a lien against said buildings, which by their own acts they had led defendant to believe they would see delivered free of all liens and other indebtedness. Wherefore this defendant prays judgment for his costs."

The plaintiffs demurred to the new matter as above set forth in the answer of defendant Humphreys, upon the alleged ground that it did not constitute a defense to the action. This demurrer was sustained. The parties submitted the case for trial to the court, and the plaintiffs gave evidence conducing to prove their account contained in the lien, and that the lumber was supplied to Berry under a contract with him as original contractor with the Griswalds to build the houses referred to; that the items of 20th of February, 1872, were gotten after the defendant Humphreys had become the owner. But those items were sold and delivered to defendant Berry on that day, and were used on the buildings under the same running account as the other materials. The defendant Humphreys objected, as the bill of exceptions shows, to all evidence in regard to matters occurring prior to October, 1871. This objection was overruled, and defendant excepted. He also excepted to the introduction of the lien in evidence, upon the ground that the last item in the account was delivered and sold more than four months prior to the date of filing the lien. The date of filing the lien was the 19th of June, 1872.

The defendant offered in evidence the deed of trust, and the deed by the trustee to him as purchaser of the premises, and the bond which had been assigned to him by Bates; all of which were objected to and ruled out, and the defendant excepted.

The defendant gave evidence tending to show, that the items in plaintiffs' account of February 20, 1872, were delivered after he became the purchaser of the buildings, and used in building fences on the premises; and evidence tending to show, that defendant, after his purchase, made a contract with Berry to finish the houses for something over $5000, and had fully paid Berry for the work done after he became the purchaser. The evidence was conflicting as to whether the plaintiffs had notice of the sale to defendant Humphreys before the delivery of the items of 20th of February, 1872. The court gave declarations of law, but as there are no special objections to them, and, as they seem fairly to present the case, it is unnecessary to recite them.

1. The main point raised by the record is, whether the demurrer to the new matter set up in the defendant's answer, was properly sustained. From the face and tenor of the bond given to Bates, which is copied in the answer, it is manifest that its only purpose was to secure her in the payment of the money loaned to Griswalds, for which the deed of trust was executed. The object was, that the deed of trust might not be swept away by liens filed under the mechanics' lien law. There is no allegation in the answer, that Bates was injured, or if injured to what extent. The bond itself would not operate as a bar or estoppel against filing liens. If Bates lost her money, or any part thereof, by reason of such liens being filed, the damage so sustained might have been set up as a counter-claim, or if her lien was about to be enforced by the sureties in the bond, which endangered her debt, she might perhaps enjoin the collection till her debt was satisfied. Under this view, in my judgment, there was no error in sustaining the demurrer. And for the same reason the court properly excluded as evidence, the bond assigned to him by Bates, and the deeds under which the defendant became the owner of the property. As the demurrer had been sustained, there was nothing in the answer to justify the admission of such evidence; besides there was no offer to prove that Bates had suffered any damage or loss in the collection of her debt.

2. Whether the items in plaintiffs' lien of the 20th of February, were delivered under the original contract made by him with Berry or not, was fairly submitted to the court, and the evidence on that point was sufficient to sustain the finding, which was for the plaintiffs. Upon the whole record there seems to be nothing to justify us in disturbing the judgment.

Judgment affirmed, Judge Wagner absent. The other judges concur.