**RULE** *et al.*, *Plaintiffs in Error*, v. MAUPIN *et al.*

| 84 | 587 |
| 98 | 439 |
| 99 | 170 |
| 84 | 587 |
| 37a | 182 |
| 84 | 587 |
| 120 | 266 |
| 84 | 587 |
| 122 | 518 |
| 84 | 587 |
| 172 | 703 |
| 175 | 647 |

**Will** : EVIDENCE : DECLARATIONS OF TESTATOR. Declarations of a testator, made before and after the execution of the will, are admissible in evidence in a suit to contest its validity when the condition of the testator's mind or the state of his affections are in issue. Such declarations are then received as external manifestations of his mental condition, and of the state of his affections, and not as evidence of the truth of the facts he stated.

*Error to Franklin Circuit Court.*—HON. A. J. SEAY, Judge.

AFFIRMED.

*Comingo & Slover* for plaintiffs in error.

(1) The declarations made by the testator to the witness Maupin, before and after the execution of the paper propounded as his will, were not competent evidence. *Gibson v. Gibson*, 24 Mo. 227 ; *Cawthorn v. Haynes*, 24 Mo. 237 ; *Spoonmore v. Cables*, 66 Mo. 579 ; *Trustees v. Peaslee*, 15 N. H. 330 ; Greenleaf on Ev., sec. 290. It is impossible to tell the impression the declarations made on the jury, and if it was incompetent it was error to admit them. *Ready v. Steamboat*, 20 Mo. 264 ; *Anderson v. Rome, etc., R. R.*, 54 Mo. 334 ; *Belden v. Nicolay*, 4 E. D. Smith 17 ; *Thompson v. Wilson*, 34 Ind. 94 ; *Morgan v. State*, 31 Ind. 94 ; *Ellingwood v. Bragg*, 52 N. H. 488 ; *Mussey v. Mussey*, 14 Wis. 346 ; *State Bank v. Dutton*, 11 Wis. 370. The fourth instruction asked by plaintiffs should have been given. It correctly states the law with reference to undue influence, and the law on that subject is not correctly stated in any of the other instructions given, nor indeed is it stated at all. The second instruction given for defendants should have been refused. It is a comment on the evidence and misleading.

*Crews & Booth* for defendants in error.

(1) The court did not err in admitting proof of the declarations of the testator made before and after the execution of the will. They were admissible as showing the state of the affections of the testator and his purposes in making the will. *Gibson v. Gibson*, 24 Mo. 227; *Cawthorn v. Haynes*, 24 Mo. 236; *Spoonmore v. Cables*, 66 Mo. 579; *Mueller v. St. Louis, etc.*, 5 Mo. App. 390; s. c. 73 Mo. 243; *Thompson v. Stump*, 62 Mo. 275. (2) There was no evidence to show undue influence. *Spoonmore v. Cables*, 66 Mo. 579. The existence of undue influence, unless the will was procured thereby, is immaterial. *Brinkman v. Rueggesick*, 71 Mo. 553. (3) There was no error in the instructions.

BLACK, J.—On September 7, 1867, Daniel Maupin made and executed a paper writing as and for his will. He thereby gave to each of his four daughters seven hundred dollars, and the balance of his property, consisting in part of a farm, he devised to his son James, making provision for the support of his widow. He died in 1880, when the will was proved in common form. The daughters bring this suit, joined with their husbands, against James and the widow, to contest the will, and to that end they allege that Daniel Maupin, at the date of the will, was not of disposing mind, and that it was procured by the undue influence of James Maupin. An issue of will or no will was framed and submitted to a jury. The verdict was for the will and a judgment was entered in accordance therewith, to reverse which the plaintiffs, sued out this writ of error.

Daniel Maupin was a farmer, and, in a small way, carried on a blacksmith shop, and sometimes made chairs, tables and the like for the neighbors. His first wife died in 1860. He married the second time in 1863. At the date of the will the daughters were married and lived to

themselves. James lived with the father and worked on the farm to the death of the father. In 1856 Daniel Maupin received a sunstroke which for a time severely affected his mind. There was much evidence to the effect that at the date of the will he was competent to, and did then, and for a period of several years thereafter, attend to his own business affairs. He was some sixty odd years of age at the date of the will. His general health was fair, though he had several spells of sickness at the date of the will. There was some evidence tending to show that his health and mind were then failing. The disposition he had made of his property by the will seems to have been well understood in the family at all times, after it was made.

1. William Maupin testified, without objection, to conversations with the testator in 1863, 1876 and 1878, in the first of which conversations he declared his intention to give the girls seven hundred dollars each, and to give the balance of his property to James. In the others he stated that he had done this. The conversation in 1876 took place at the house of the witness, when, among other things, Daniel Maupin stated his reasons for making the will as he did, were that some of the children had not treated him right at the time he married his second wife, and had taken things that he thought belonged to him. The witness then stated that he thought the mental condition of the testator was good. This testimony as to what was said by way of giving the reasons for making the will was admitted over the objections of the plaintiff.

When and for what purposes the declarations of the testator may be received in evidence was considered in *Gibson v. Gibson*, 24 Mo. 227. The conclusion was there announced that these declarations, "so far as they are relied upon to furnish evidence of the facts they contain," are but hearsay and should not be received, but they are "admissible when the condition of the testator's mind is the point of contention, or it becomes material to show

the state of his affections, and they are then received as external manifestations of his mental condition, and not as evidence of the truth of the facts he states." The rule as there stated has been followed without further comment. *Cawthorn v. Haynes*, 24 Mo. 237; *Tingley v. Cowgill*, 48 Mo. 291; *Spoonmore v. Gables*, 66 Mo. 579. For the purpose of showing the mental condition of the testator and the state of his affections, such declarations are now generally admitted, whether made before or after the execution of the will. *Shailor v. Bumstead*, 99 Mass. 112; 1 Redfield on Wills, 548 (4 Ed.) Such declarations, made long after the time to which the inquiry is directed, can be of but little value. They ought to have some direct connection with and tend to show the condition of the mind at the time the will was made. The period of time over which such declarations may extend depends much upon the character of the unsoundness of the mind alleged or attempted to be proved. If it be of short duration, as arising from drunkenness, the declarations, to be of any value, must be near to the time when the act in question was performed. If, from old age or the like infirmity, a much wider latitude may be allowed. These declarations, made in 1876 and 1878, were of but little value and might have been excluded. The effort was, on the part of the contestants, to show that the testator's mind was wholly recovered from the sunstroke. The evidence tended to show a fixed and settled purpose on his part to make a certain disposition of his property, and it also tended to show that he knew what he had done and was satisfied with that disposition of the property. Additional force is given to the evidence from the fact that the testator had had previous conversations with respect to the same matter with the witness. Besides this, the remainder of this and the other conversations were admitted without objection, and the whole examination on both sides took a wide range, and the cause ought not to be reversed because of the admission of this evidence, even if it was remote.

2. The instructions with respect to testamentary capacity were most favorable to plaintiffs. The only evidence of undue influence is such as may be inferred from the fact that James lived with and obeyed the directions of his father and went for the witnesses to attest the will, though not present when it was written. This, standing alone as it does, does not tend to show undue influence. It tends to show no other influence than the law allows and commends in the family circle. The court, therefore, did not err in refusing to give plaintiff's fourth instruction, and might well have refused to give any instructions upon the subject of undue influence. Those given by the court upon that subject could not have prejudiced the plaintiffs.

The judgment of the circuit court is affirmed. The other judges concur.