**T. F. HAYDEN ET AL., Respondents, v. CHARLES WULFING, Appellant.**

**St. Louis Court of Appeals, November 10, 1885.**

1. MECHANIC'S LIENS—SUB-CONTRACTOR—PRINCIPAL AND SURETY—ACTIONS.—In an action by a sub-contractor to establish a mechanic's lien, it is immaterial that the plaintiff is a surety on the principal contractor's bond, which is conditioned to protect the property against liens.

| | |
|---|---|
| 19a | 353 |
| 31a | 372 |
| 31a | 373 |
| 19 | 353 |
| 35 | 348 |
| 19 | 353 |
| 37 | 597 |
| 19 | 353 |
| 104m | 23 |
| 44 | 34 |
| 19 | 353 |
| 45 | 287 |
| 19 | 353 |
| 51 | 344 |
| 53 | 239 |
| 19 | 353 |
| 60 | 4 |
| 19 | 353 |
| 138m | 53 |
| 71 | 258 |
| 19 | 353 |
| 75 | 517 |

2. —— Lien Account.—A mechanic's lien is not void because the account does not give the dates of the various items of work done or materials furnished, provided it appears from the account and affidavit that it was done within the statutory period.

3. —— Pleading—Practice.—In an action by a sub-contractor, so much of the answer as sets up, without more, that one of the plaintiffs was a party to the original contract, and thereby agreed to protect the owner against liens upon the property, is properly stricken out.

4. —— Pleading.—A petition on a mechanic's lien need not aver the date of the commencement of the action.

Appeal from the St. Louis Circuit Court, George W. Lubke, Judge.

*Affirmed.*

Leo Rassieur and Dexter Tiffany, for the appellant: There is no proper account filed. An account should be so stated that the defendant may be advised what is claimed for each item, so that he may make a defence. He is entitled to know, when it is claimed the items were furnished and which item was furnished last, and when, so that he may make his defence, if that item was furnished more than four months before the filing of the lien. *Lowis v. Colter*, 6 Mo. App. 55; *Cole v. Barrow* 8 Mo. App. 511; *Heinrich v. Cardt G. S.*, 8 Mo. App. 588.

Taylor & Pollard, for the respondents: It is immaterial that the plaintiff was a surety on the contractor's bond. *Hartman v. Berry*, 56 Mo. 487; *Atwood v. Lewis*, 6 Mo. 392; *Bircher v. Payne*, 7 Mo. 462; *Bond v. Worley*, 26 Mo. 253.

Rombauer, J., delivered the opinion of the court.

In this action, which was brought by sub-contractors to enforce their mechanic's lien against the property benefited by the work and materials furnished, the court below rendered judgment against the contractor and against the property.

From this judgment the owner alone appealed, and

now assigns for errors, (1) that the court improperly struck out part of his answer; (2) that the court improperly admitted the lien account in evidence against his objections; and, (3) that the plaintiff's petition states no cause of action sufficient to charge the property, because it fails to aver that it was filed and the suit brought within ninety days after the filing of the lien.

The part of the defendant's answer which was stricken out, averred that Thomas F. Hayden, one of the plaintiffs, was one of the parties to the original contract under which the houses were erected, and by his contract agreed to protect the defendant, Wulfing, from all mechanic's liens against the property. This averment may have been literally true, and yet admits of the construction that the plaintiff was a mere surety for the original contractors, a fact which was subsequently established by proof upon the trial. As it has been decided in this state in *Hartman v. Berry* (56 Mo. 490), that the mere fact that one is surety upon a bond given to the owner, to protect the property from liens of mechanics, does not estop him from filing and prosecuting such lien himself, we can not see in what manner the defendant was prejudiced by this action of the court. There is nothing in this case to distinguish it in principle from the case above referred to. We must, therefore, conclude that the plaintiff's first point is not well taken.

The lien paper admitted in evidence, contains the following account:

"St. Louis, Mo., July 31, 1884.

"*A. J. Cramer & Company, Dr. to T. F. Hayden and J. A. Hayden*:

"Work done and materials furnished on roof of solid row of four dwellings, numbered 1936, 1938, 1940, and 1942, Papin street, St. Louis, Mo., situated on the south side of said street, in block No. 2282, viz.:

| | |
|---|---:|
| 3840 feet slating, at $10.50 per square | $403.20 |
| 64 feet galvanized iron for ridge, at 15 cts | 9.62 |
| 287½ lbs. lead for flashing | 17.20 |
| | $430.02 " |

There is nothing to show either, in the account of the lien paper, at what exact date the work and materials were done and furnished, unless the date at the head of the account (July 31, 1884), furnishes such an indication. The affidavit attached to the account recites that the demand accrued within four months prior to the filing of the lien. The lien was filed November 12, 1884.

When the account was offered in evidence the defendant objected to it, on the ground that it did not show the dates at which the various items were claimed to be . furnished. This objection was overruled, and the defendant saved his exception.

We assume, for the purpose of this argument, that the date at the head of the account refers to the day when the account was closed or rendered, and not to the day when its various items were . furnished ; and this brings us face to face with the proposition, whether the incorporation of the dates at which its various items were furnished, into the account filed, is an essential prerequisite in all cases to its validity as a just and true account, within the meaning of the mechanic's lien act. The exact question has never been passed on by our courts.

In *McWilliams v. Allan* (45 Mo. 574), the court said : "An account is a detailed statement of mutual demands, in the matter of debt and credit, between parties arising out of contract," and that this definition expresses the sense in which the term is used in the mechanic's lien law. Both in that case and the subsequent case of *Graves v. Pierce* (53 Mo. 428), it was decided that the "account," meant by the statute, requires something more than a mere statement of the balance due. In *Lowis v. Cutter* (6 Mo. App. 55), this court held that the account must furnish its own explanation, and that the following statement, "to painting, glazing, and varnishing, as per proposition," the proposition having been made to a third party, and not to the owner, fails to advise the owner of the character of the work or its items. In *Cole v. Barron* (8 Mo. App. 509),

it was held that the omission of the year when the work was done would not vitiate the account, the court substantially holding that, as the lien would be lost, unless the account were filed within a few months after the indebtedness accrued an account which gave the month and days of the furnishing of the various items, sufficiently advised the owner in what year the work was done. The court declined to express an opinion as to whether the giving of dates was absolutely essential, and drew the distinction between our statute and that of Pennsylvania, the latter requiring the giving of dates in express terms, while ours only requires the filing of a just and true account.

It is true that the mechanic's lien law is an inroad upon the common law, but the courts in this state have long since departed from the strict construction that the law was once subjected to for that reason, (*Putnam v. Ross* 46 Mo. 337, *Oster v. Rabeneau Id.* 599), until in *De Witt v. Smith* (63 Mo. 263), the supreme court declared that "the doctrine as to mechanic's liens now is that the statute is highly remedial in its nature, and should receive a liberal construction to advance the just and beneficent objects had in view in its passage. Such seems to be the rule now, almost everywhere. *Vandergrift's App.*, 83 Pa. St. 127; *Hazard Co. v. Byrnes*, 21 How. Pr. 189; *Winslow v. Urquhart*, 39 Wis. 268; *Willamette Co. v. Remick*, 1 Ore. 169; *Gallaher v. Karns*, 27 Hun (N. Y.) 375; *Whitford v. Newell*, 2 Allen 424; *Railroad Co. v. Brown*, 14 Kan. 557.

In *Pool v. Wedemeyer* (56 Tex. 287, 289), a case almost identical in its facts with the case now before us, and decided under a statute which required "a bill of particulars" to be filed, the court in disposing of a similar objection, said: "Substantial compliance with the terms of the statute must be had or the lien does not exist; but a construction so strict, as in effect to require something done, which the statute in neither terms nor spirit requires, is to legislate terms into the statute."

In view of the foregoing, we have come to the con-

clusion that the account required by the statute is not necessarily invalidated as a lien because it fails to give the dates when the work was done, provided it appears from it, or other parts of the lien paper filed, that it was completed, and the indebtedness accrued within the period required by the statute to entitle the contractor, or sub-contractor, to a lien.

That such was the case, clearly appears in the present proceeding. The lien paper states that the demand of plaintiff accrued within four months from its filing, an allegation which is fully substantiated by the proof.

We must, therefore, rule against the appellant on the second point, likewise.

The petition in this case does not aver that suit was brought within ninety days after the filing of the lien. This omission, the appellant claims, is a fatal objection to it, and in support of his objection, cites the case of *Bradish v. James* (83 Mo. 313), decided by Commissioner Ewing. The language used by the commissioner, the appellant contends, admits of the construction that such omission is necessarily fatal. Perhaps so. But it admits, with better reason, of another construction. And, as long as it admits of another construction, we can not assume that the supreme court intended to decide that the statement of a fact, with which the jury have nothing to do, must be submitted to them, and although conclusively established by the record, must be found by them one way or the other; nor, that it intended to decide that a party must state in his petition a thing which he can not possibly do, namely : the antecedent happening of a future event. The third point of the appellant is, therefore, likewise untenable.

The judgment is affirmed. All the judges concur.