HENRY BRUNS, Respondent, v. PHILIP BRAUN *et al.*, Appellants.

### St. Louis Court of Appeals, April 2, 1889.

1. **Mechanic's Lien:** UNITY OF CONTRACT. Where the plaintiff contracted to build a structure for the defendant at an agreed price, and after some progress had been made in the work, the city authorities interfered and compelled sundry changes in the plans and specifications, whereby the cost would be considerably increased, and the parties agreed that the changes should be made and that the defendant should pay an agreed additional sum therefor, then, for the purpose of a mechanic's lien, the entire work must be considered as a unit, and as done under a single contract.

2. **Mechanic's Lien:** TIME OF FILING. Where the lien was filed within six months after an extended period made necessary in the finishing of the work by the changes compelled by the city authorities, there can be no complaint that the lien was not filed within proper time, though the filing may have been more than six months after the completion of the work specified in the first form of the contract.

3. **Mechanic's Lien:** DATE OF LAST ITEM. Although the last date of an item written in the account was a few days more than six months prior to the filing of the lien, yet if the item so dated was for lumber, and the account shows that the lumber was subsequently used in the construction, and the plaintiff's affidavit shows that the last work was done within the six months, an objection that the lien was not filed within proper time cannot be sustained.

4. **Mechanic's Lien:** REMOVAL OF OLD STRUCTURES. The statute does not afford a lien for simply tearing away a structure from land. But if such tearing away be a necessary part of the work required for the performance of the contract to remodel and repair, and so becomes a constituent of the intended improvement, the right to a lien therefor clearly exists under the statute.

*Appeal from the St. Louis City Circuit Court.*—HON. GEORGE W. LUBKE, Judge.

AFFIRMED.

VOL. XXXV—22

*E. P. Johnson*, for the appellants.

The petition and lien both state that the account accrued September 18, 1886, within two days of the expiration of six months after the account accrued. Plaintiff testified that the last item in his account was about September 23, 1886, and that he stated this item according to his books when he paid off his men, and stated no connection between these acts to fix that date. His witness Frasier testified that the whole work was completed, so far as plaintiff ever completed it, early in September, and no other witness for either party aids the plaintiff in this respect. We submit that this evidence utterly fails to sustain the claim that the lien was filed within the statutory period of six months, and that the lien judgment should be reversed on that ground. All of the evidence shows clearly that whatever was done under the written contract for five hundred and thirty-five dollars, in which there are no provisions, for other or extra work was done prior to the twelfth or thirteenth of September, 1886, and that new plans were made and a new contract or contracts were entered into, and the remainder of the work done under them, so that there can be no lien for work done or materials furnished under that contract. *Miller v. Hoffman*, 26 Mo. App. 199 ; *Henry v. Mahone*, 23 Mo. App. 83 ; *Gauss v. Hussman*, 22 Mo. App. 115 ; *Allen v. Mining Co.*, 73 Mo. 688 ; *Livermore v. Wright*, 33 Mo. 31. Both the written contract and the evidence show that the whole contract or contracts should be executed for a specific sum or sums ; that they include tearing down a building and porch for? which the law gives no lien ; that the lien claim covers almost the entire contract price or prices, and no attempt is made to state these matters so that they can be separated, and show for what a lien might have been filed under

the contract or contracts, and this failure and mingling renders the lien void. *Murphy v. Murphy*, 22 Mo. App. 18; *Gauss v. Hussmann*, 22 Mo. App. 115; *Nelson v. Withrow*, 14 Mo. App. 240; *Schulenburg v. Prairie House*, 65 Mo. 295; *Mc Williams v. Adams*, 45 Mo. 573–575; *Coe v. Ritter*, 86 Mo. 277–287; *Johnson v. Building Co.*, 23 Mo. App. 546. The excavation, stone and brick-work, the only work done under the last contract, and which, we have seen, is the only portion which the evidence tends, in any degree, to show was done within the statutory period, are all lumping charges, and insufficient to sustain a lien. *Foster v. Wulfing*, 20 Mo. App. 85; *Codling v. Nast*, 8 Mo. App. 573; *Kling v. Construction Co.*, 7 Mo. App. 411; *Lewis v. Cutter*, 6 Mo. App. 54; *Heinrich v. Carondelet*, 8 Mo. App. 588. Besides the lien must contain a true account, furnishing its own explanation. *Foster v. Wulfing*, 20 Mo. App. 85; *Coe v. Ritter*, 86 Mo. 277; and in the absence of such a one, showing a compliance with the law, no presumptions are made in its favor. *Matlock v. Williams*, 59 Mo. 105; and the fact that the last date in the account is September 10, 1886, is conclusive that the account was not filed within the statutory period of six months. *Coe v. Ritter*, 86 Mo. 277, 286.

*Smith & Harrison*, for the respondent.

The work and materials were all done and furnished on the same property, and they formed one entire whole, and were so connected together as to show that the parties had in contemplation that the whole should form but one, and not distinct matters of settlement, and hence only one lien was necessary. *Page v. Bettes*, 17 Mo. 366, and cases cited. The work originally contemplated wood as the material to be used. Subsequent action of the city of St. Louis required brick to be used, in lieu of wood, on certain parts of the work; the parties complying fixed the amount of additional cost,

wrought by this change, and the work was completed as a continuous thing, and the two ran together each part and parcel of the other. The third point made by appellant is not sound. The items of the account are given, and do not show that any item is for "tearing down" the building. The lien account is for services, material and labor on alteration and improvements, and there is no connecting of items for which a lien is given, with those for which no lien is given. There was no evidence to that effect, and there was no such contention in the circuit court. The lien account is good within the authority of *Hayden v. Wulfing*, 19 Mo. App. 353; *Cole v. Barron*, 8 Mo. App. 509; *Helliker v. Francisco*, 65 Mo. 598; *McLaughlin v. Schawacker*, 31 Mo. App. 365. The court will not weigh the evidence on the question of the exact date when plaintiff finished the work. There was evidence that the last item was done and furnished within six months before the filing of the lien and the finding of the court below, on that fact, ought to fall within the general rule as to finding of facts by inferior courts. The doctrine as to mechanics' liens now is, that "the statute is highly remedial in its nature and should receive a liberal construction to advance the just and beneficent objects had in view in its passage." *Hayden v. Wulfing*, 19 Mo. App. 357; *Dewitt v. Smith*, 63 Mo. 263.

BIGGS, J., delivered the opinion of the court.

This is an action to enforce a mechanic's lien for work done and material furnished in the reconstruction or repairing of a certain building situated on lots 14 and 15, in block 544, Carr's addition to the city of St. Louis, held by defendant Braun under a lease from one Bernard Luethemeyer. The plaintiff filed his account and statement for a mechanic's lien, as an original contractor, with the clerk of the circuit court on the

sixteenth day of March, 1887. The account and statement as filed showed, that the amount due plaintiff for work and materials furnished in making the improvements on the building, was $770.43, and that the work was begun on the twenty-fifth day of August, 1886, and was completed on the eighteenth day of September, 1886. The building repaired by plaintiff was used as a theatre, and the defendant Braun and Joseph L. Frasier, his co-tenant, were running the house under the firm of name of Philip Braun & Co. It appears from the pleadings and evidence, that the plaintiff first contracted with defendants to tear down and remodel the second story of the building in a certain way then agreed upon, which contemplated the use entirely of wooden materials, for which defendant agreed to pay plaintiff the sum of five hundred and thirty-five dollars. This contract was entered into on the twenty-fifth day of August, 1886. The plaintiff began work under this contract, and while at work on the building, the city authorities interfered, and objected to some of the materials used in the building, and defendants were then compelled to take out a building permit, issued by the city, by which the defendants were compelled to change their plans and use stone and brick in making some parts of the changes in said building. The plaintiff's testimony shows that thereupon, the defendants instructed him to make the changes and additions to the original plan, and agreed with him that this would increase the cost of the improvement in the sum of two hundred and sixty-eight dollars, which they agreed to pay plaintiff. The defendant Braun denied this latter contract, and said that it was the understanding that his co-defendant Frasier should pay for the additional work. There was also some testimony about a subsequent contract, by which in making the changes in the building, plaintiff was to remove an old porch, connected with the building, for which he was to receive

as additional compensation, the sum of thirty dollars. It appears from the evidence that plaintiff completed the contract, except in one or two unimportant particulars, which are not urged as a defense to the action.

The defendant Braun filed an answer in the nature of a general denial, but the defendant Frasier made default, and judgment was taken against him accordingly. The issues between plaintiff and defendant Braun, as made by the respective pleadings, were tried by the court, without the intervention of a jury, which resulted in a verdict and judgment for plaintiff for the sum of eight hundred and fifty-six and forty-five hundredths dollars, the amount of plaintiff's account with six per cent. interest thereon from the date of the filing of the lien, and this judgment was by the court declared to be a special lien on said property. No instructions were asked or given. The defendant Braun filed his motion for a new trial and after alleging the usual and familiar grounds, he asked the court to set aside the verdict and judgment, and grant him a new trial, because the plaintiff had no mechanic's lien for a part of his claim (if for any), and that the items of the account were so mixed and commingled, that it was impossible for the court to determine for what part a lien was given. A motion in arrest of judgment was also filed and defendant urged as a special reason why this motion should prevail, that the lien was not filed by plaintiffs in the office of the circuit clerk within the time prescribed by law.

Both motions were overruled, and the defendant Braun duly excepted, and has brought the case to this court by appeal, and urges the following reasons why the judgment is wrong and should be reversed. *First*, Because the evidence fails to show that the lien was filed within the statutory period of six months. *Second*, That the work was done under three different and distinct contracts and the work under each contract as

stated in the account cannot be separated or ascertained, which rendered the lien void as to all of the work. *Third*, That the account as filed included work or labor for which no lien was given by the statute. That is, the tearing down of the building and porch, and that the cost of this work was "lumped" with the cost of the other work, so that the one could not be separated from the other, and that for this reason the lien was void and should not have been enforced.

It would be better to dispose of the second objection made by defendant Braun, as the conclusion reached in that matter will more readily enable us to dispose of the first objection upon satisfactory grounds.

The defendant contends that the lien account as filed embraces work done and materials furnished in the repair of the building under three distinct and separate contracts, and that the items are so commingled and mixed that it is impossible to separate and distinguish the one from the other, and that for this reason, the whole lien account is void and incapable of enforcement. This court decided in the case of *James Kearny et al. v. Wurdeman*, 33 Mo. App. 447, "that where work was done on a building or other improvement by the same party, but under different and distinct contracts, the entire work might be embraced or carried into one account and lien paper. But in order to give a lien for the entire amount of work done, it should appear that the last item under each contract was within the time prescribed by the statute for filing the lien." It is therefore apparent that when work done and materials furnished, under two or more contracts, are included in one lien paper, it is absolutely necessary that the items, under each contract, should be separately stated, in order for the court to determine whether the lien of the mechanic or material man, exists as to all, or only a portion of the work done. In

the case at bar, if the work was done under separate and distinct contracts within the meaning of the law, then the objection made by the defendant may be good.

The Kansas City court of appeals in case of *Page v. Bettes*, 17 Mo. App. 375, says: "When work, distinct in its nature is performed at different times, the law supposes it to have been performed under distinct engagements, as when the work at one time is for building, and at another time for repairing. So, when two distinct contracts are in fact made, as for different parts of the work, the work done under each contract must be considered as entire of itself. But when work, or material, is done, or furnished, all going to the same general purpose, as the building of a house or any of its parts, though such work be done or ordered at different times, yet if the several parts form an entire whole, or are so connected together, as to show that the parties had it in contemplation that the whole should form but one and not distinct matters of settlement, the whole account must be considered as a unit, or as being but a single contract." This is probably as succinct and correct a statement of the law as could be made. To formulate a rule of easy and general application is quite difficult to do. If a contractor should agree with the owner to furnish all the materials and do the necessary work in the construction of a building, and after the work had progressed, the owner should conclude to make changes in his original plan, or use some materials different from that originally contemplated, and should agree with the contractor as to the additional cost of construction ( if any ), or they should agree to leave that for adjustment on a settlement, we don't think that it could be properly held that this additional work was done under a separate and distinct contract ; although the work was ordered or agreed on at a different time.

We think that the fair inference under such circumstances would be, that the parties had in contemplation that the whole work should form but one and not distinct matters of settlement.

But if a contractor makes a contract, by which he agrees for a stipulated price to do the carpenter's work in the construction of a building, and, also by a separate and distinct agreement, contracts to do the necessary stone work of the same building, the case would be different.

In the case under consideration, the original purpose and intention was to have the second story removed from the building and the building reconstructed for use as a theatre. To this end defendants employed plaintiff to do the work and furnish all the materials, for a stipulated price. The manner in which the work was to be done, and the materials to be used, were agreed on. While the work was in progress, the city authorities interfered and compelled defendants to change some of the materials contemplated by the original contract, and also compelled a change in the original plans and specifications. This increased the cost of construction, and the defendants, according to plaintiff's testimony, agreed to pay him the additional cost, and he thereupon proceeded to, and did, complete the improvements, according to contract and the requirements of the city authorities.

The counsel for the appellant urges that, for this additional work and materials, there was a separate and distinct contract. We cannot yield our assent to this, but must hold that the whole account "must be considered as a unit or as being but a single contract."

Treating the plaintiff's claim as a continuous running account, defendant's first assignment of error, to the effect that there was no substantial evidence to support the finding of the court, "that plaintiff's statement for a lien was filed within six months after the completion of the work," is without foundation, and must be

ruled against the appellant. The defendant himself testifies that all the work on the building was completed on the eleventh of September, 1886, except brick work which the city authorities ordered to be substituted for the wood work as provided in the first contract. That the brick work was begun on that day and was completed in about ten days, which would bring it up to the twenty-first. Plaintiff's testimony tended to show that the work was completed on the twenty-third, and the lien was filed on the sixteenth day of March, 1887. There is an abundance of evidence in the record to justify this finding of the court.

Defendant also claims, "that as the last date to any item of the account was September 10, that the presumption is, that the subsequent items in the account were of the same date, and that the lien account on its face showed that the lien had not been filed within the time; that the lien holder must stand or fall by his account as rendered, and the dates as specified cannot be changed by matters *in pais*." *Coe v. Ritter*, 86 Mo. 277. The reason of this rule is that when a party seeks to fasten a lien or incumbrance on real property, the precise nature of the lien or incumbrance should be stated and made a matter of record, so that the owner or other parties interested might be definitely advised of the true facts touching the title to the property. This objection by defendant in the case under consideration cannot be sustained, because the statement or affidavit of plaintiff attached to the lien papers, states that the account accrued on the eighteenth day of September, which was within six months prior to the filing of the lien. Besides it appears from the lien account filed, that the item, under date of September 10, was for lumber used in the building, and that a subsequent item in the account was for carpenter's work which bore no date. The fair inference from this would be, that at least a portion of the charge for carpenter's

work accrued after the furnishing of the last item of lumber. The third and last complaint made by defendant is, that plaintiff in his account included charges for labor in removing the second story of the old building, and also for tearing away the old porch attached to the building, and that no lien is allowed by law for such work. The record in this case does not disclose the fact that any portion of plaintiff's account was for labor performed by him, in removing the upper story of the building or the porch attached thereto, and even if this was true we are inclined to the opinion that plaintiff would have the right to include this charge, in his lien account. It is true that the statute does not afford a lien for simply tearing away a structure from land (*Holtzhour v. Meer*, 59 Mo. 434), because the theory of the mechanic's lien law is, that the mechanic or material man has performed work or furnished materials in the construction or repairing of buildings or other improvements on land, by which the value of the latter has been enhanced; and the law attaches a lien in favor of the mechanic to the building or other improvements in the first instance, and this lien is made to extend to a certain quantity of land on which the buildings are located. When a building is merely removed from premises, it is quite apparent that the right to a lien, against the land alone, could not exist. But in the case at bar, the second story of the building and the porch were torn away in order that the building might be remodeled or *repaired* to suit the purposes of the owner. Would it not be proper to say, that the labor, necessary to accomplish this, was performed in *repairing* the building or that it was a necessary part of the *improvements* made thereon? If so, the right to a lien clearly exists under the statute. *Reilly v. Hudson*, 62 Mo. 385; *Allen v. Mining Co.*, 73 Mo. 692.

Nor can we agree with counsel for defendant that plaintiff's lien account is open to the objection that it

embraces "*lumping charges.*" The account is good under the authority of *McLaughlin v. Schawacker*, 31 Mo. App. 365, and *Hayden v. Wulfing*, 19 Mo. App. 356. As the mechanic's lien law was considered to be in derogation of the common law, the earlier decisions were inclined to give the ena ctments of the law a strict construction against the party se eking their enforcement. But the later decisions of this court, and the supreme court, hold the law to be highly remedial, and that a liberal construction should be given the statute in order to advance the just and equitable object of the law. *De Will v. Smith*, 63 Mo. 263 ; *Hayden v. Wulfing*, *supra*. The lien account, as filed, fully advised the defendant of the nature and extent of plaintiff's claim, and the property sought to be charged with the lien. This was all the statute contemplated, by requiring "a just and true account of the demand " to be filed.

The judgment in this case was for the right party and we can find no good reason in the record for its reversal.

With the concurrence of the other judges, the judgment will be affirmed.