AUGUST KERN, Respondent, v. JOHN PFAFF, Administrator of THERESA PFAFF, Deceased, *et al.*, Appellants.

St. Louis Court of Appeals, February 10, 1891.

1. **Practice, Trial:** JOINDER OF TWO CAUSES OF ACTION IN ONE COUNT. When two causes of action of the same class are stated in one count, the proper method of objection is a motion to require the plaintiff to elect upon which cause he will proceed to trial.

2. **Practice, Appellate:** TRANSCRIPT. On the appeal of a cause, the transcript therein must contain all the evidence which is to be considered on such appeal. It is not permissible for the parties by stipulation to provide that the evidence, which is contained in another transcript in regard to one of the issues, shall be considered by this court in the determination of such appeal.

3. **Married Women**: CHARGING SEPARATE ESTATE. *Held* that the proof was sufficient to establish an intention on the part of a married woman to charge her separate estate with indebtedness contracted by her, and that the sufficiency thereof was not impaired by the fact, that the creditor could file mechanic's lien for the indebtedness against other property of the married woman.

4. **Mechanics' Lien**: SUFFICIENCY OF ACCOUNT. When a contract for the papering of the walls of a building at a fixed price per roll is made between the owner and the contractor therefor, an account filed as a mechanics' lien for the work will be insufficient, if it merely states the aggregate amount due for the work, without showing the number of rolls used and the price per roll. But the failure of the account to state the date of the doing of the work will not vitiate the lien, if the affidavit attached thereto shows that the lien was filed within the requisite time.

5. ————: JOINDER OF CLAIMS UNDER DIFFERENT CONTRACTS. It is permissible to embrace in an account filed as a lien, items for work on the same building under different contracts with the owner, but, in order to enforce the lien for the entire work, the evidence must show that the lien was filed within six months after the completion of the work under each contract.

*Appeal from the St. Charles Circuit Court.*—HON. W. W. EDWARDS, Judge.

REVERSED AND REMANDED.

*L. H. Breker, R. C. Buckner* and *Lubke & Muench,* for appellants.

*O. J. Mudd,* for respondent.

BIGGS, J.—The plaintiff's amended petition contains only one count, but in it the plaintiff attempts to state two causes of action. The plaintiff is a mechanic, and claims to have done certain painting and papering on a new house, erected by the deceased on land belonging to her but not held by her to her sole and separate use. In the petition the enforcement of a mechanics' lien for this work is asked, and the plaintiff also avers that the defendant administrator is in the possession of separate personal estate belonging to the deceased, and that

Kern v. Pfaff.

there should also be a judgment or decree charging this property with the plaintiff's debt. It is also averred that, prior to the performance of the work, the deceased and her husband had mortgaged the property, and that, after the institution of the suit, the property was sold under the mortgage, and that the defendant Schonberg had purchased it at that sale. The record shows that Schonberg filed a demurrer to the amended petition, but it nowhere appears in the record that it was disposed of, neither does the record show any other pleading by him. Joseph Pfaff, the husband of the deceased, was an original party, and he and the administrator filed answers, in which they denied the plaintiff's right of recovery, and which contained the additional averments that there was but one count in the amended petition and that in it were stated two causes of action, the one legal and the other equitable.

The cause was submitted to the court, and the finding was in the plaintiff's favor. The court by its judgment decreed the enforcement of the plaintiff's mechanics' lien against the *house alone,* and it also entered judgment against the administrator for the sum of $109.85, with directions to the probate court to classify the judgment as a fifth-class demand. From this judgment the defendants have appealed.

That the petition was open to the objection urged in the answers of the defendants cannot be questioned. The enforcement of the mechanics' lien on the house was a statutory proceeding. As to all issues pertaining to it, either party was entitled to a jury. The other branch of the case was purely equitable and entirely separate and distinct from the plaintiff's rights, if any he had, under the mechanics' lien. If the deceased, by contracting the alleged debt for painting and papering her house, thereby intended to and did bind or charge her separate estate, if she had any, she only did so in equity. If the plaintiff had any rights in this direction, he could only enforce them in an equitable proceeding.

The amended petition was defective in that the single count contained two causes of action, the one legal, the other equitable. But, if the defendants wished to take advantage of this defect in the pleading, the proper and usual practice would have been to file a motion, requiring the plaintiff to elect upon which cause of action he would proceed to trial. *Christal v. Craig*, 80 Mo. 367; *Mooney v. Kennett*, 19 Mo. 551; *Otis v. Bank*, 35 Mo. 128. These cases only apply where there has been an intermingling of causes of the same class in the same count.

At the beginning of the trial the defendants objected to the introduction of any evidence upon the ground, that the plaintiff's petition failed to state facts sufficient to constitute a cause of action. At the close of the plaintiff's evidence the defendants offered an instruction to the effect, that, under the pleadings and proof the plaintiff had not shown himself entitled to any relief. The rulings of the court were adverse to the defendants, and of these they complain.

Our discussion of this assignment will be first directed to the sufficiency of the evidence and pleadings to sustain the judgment as to Mrs. Pfaff's separate estate. The evidence shows that the conveyance of the land, upon which the house was built, vested in Mrs. Pfaff a legal estate, as contradistinguished from a separate estate. The plaintiff's evidence tended to show that his contract for painting and papering was made with Mrs. Pfaff; that the contract was verbal; that there was no contemporaneous writing pertaining to it. Hence it must be held under this proof that the act of Mrs. Pfaff in contracting the debt must be interpreted as establishing an intention on her part to charge her separate estate (if she had any) with its payment. *Seifert v. Jones*, 84 Mo. 591. The mere fact, that the plaintiff might afterwards secure his debt by filing a mechanics' lien against the house, could in no way change the rule.

The plaintiff, however, failed to introduce any proof touching the ownership of the personal effects which had gone into the hands of Mrs. Pfaff's administrator. We find a statement in the bill of exceptions that the evidence touching this issue taken in the case of *Baer v. Pfaff* should be considered as evidence in this case. We decided in the case of *Jungeman v. Brewing Co.*, 38 Mo. App. 458, that a record could not be made up in that way. There can be no particular objection urged against the trial of two or more causes at the same time, but in order to have the cases reviewed in this court all the evidence which the parties claimed was applicable to each case must be set forth in each transcript.

In addition to this the petition failed to describe the property (*Frank v. Siegel*, 9 Mo. App. 467); and it failed to allege that Mrs. Pfaff owned the particular property at the time she contracted the debt, or that the property she did own at that time had been substituted for that owned at the time of her death. Finally the judgment itself is defective. The debt should have been made a charge against the separate estate *only*, and its satisfaction should have been *confined* to it. The plaintiff is not a general creditor of Mrs. Pfaff's estate and it is not possible for him to have satisfaction out of her ordinary estate. But, as the evidence discloses the fact that the assets of the estate consist solely of the separate personal property of Mrs. Pfaff, the form of the decree can be of no practical importance. We discussed this matter fully in the case of *Baer v. Pfaff*, *post*, p. 35, and it is not necessary to restate our views at any length. So much for the equitable branch of the case.

There are legal obstacles in the way of the enforcement of plaintiff's lien for papering the building, which to our minds are insurmountable, and there are other serious objections which go to the entire recovery. The plaintiff's account is stated thus in his mechanics' lien :

```
"Painting and materials................$ 85 50
"Paper hanging and materials ..........  62 65
                                         ────────
                                         $148 15
"Received payment on same............  47 80·
                                         ────────
      "Balance due....................$100 35"
```

It will be observed that the items of the account consist of lumping charges and there are no dates. This last defect, however, under the authority of *Hayden v. Wulfing*, 19 Mo. App. 353, is supplied by the averment in the affidavit attached to the lien to the effect that the account accrued within six months prior to the filing of the lien. If the work had been done under one or even two contracts, and the painting and papering were each to be completed for a stipulated sum, we could, notwithstanding the form of the account, probably sustain the lien, under the authority of *Hilliker v. Francisco*, 65 Mo. 598. In that case the supreme court decided that, when by contract, of the exact terms of which the owner is advised, a certain sum is to be paid for a certain item of work, if the lien account states the amount agreed on as a lumping charge, it will be sufficient. There is no difficulty about the application of the foregoing rule to the amount due the plaintiff for painting the house. The plaintiff was to receive a stipulated sum for that part of the work. But, when he came to the papering, the plaintiff's evidence tended to prove that this work was done under a separate and distinct contract, and that the plaintiff agreed to furnish and hang the paper for so much a roll. This required a statement on the lien account of the number of rolls and the contract price per roll. But, in addition to the failure to itemize the account for the papering, the plaintiff failed to show when that portion of the work was completed. He introduced evidence tending to show that the *painting* was finished within six months prior to the filing of the lien paper, but this in no way helped him out on his lien for

the other work. It is permissible to embrace in an account, filed as a lien, items for work on the same building under different contracts with the owner, but, in order to enforce the lien for the entire work, the evidence must show that the lien was filed within six months after the completion of the work under each contract. *Kearney v. Wurdeman*, 33 Mo. App. 447; *Bruns v. Braun*, 35 Mo. App. 337. But, whatever the evidence may be on a retrial as to the time when the papering was completed, we are clearly of the opinion that the mechanics' lien cannot be enforced as to it.

With the item for the papering out of the case, the trial court will be confronted with the practical question as to the proper application of the payments; that is, whether they should be applied as credits on the account for the papering, or on the contract price for the painting. This fresh difficulty or complication may be avoided, if the plaintiff should elect to look solely to the separate estate for the payment of his debt.

For the reasons stated we will have to reverse the judgment and remand the cause for further proceedings in conformity with this opinion. All the judges concurring, it is so ordered.