SAMUEL C. ALLEN, doing business as ALLEN & ROB- INSON, *vs.* G. W. LINCOLN and W. C. PEACOCK.

EXCEPTIONS.

HEARING, JANUARY 5, 1894.     DECISION, JANUARY 31, 1894.

JUDD, C.J., BICKERTON AND FREAR, JJ.

L. contracted to build a dwelling house for P. and gave a bond to deliver the building free of liens and claims.  A. was surety on the bond and delivered materials to L. for use in the building.

Held A. is not estopped to assert his material man's lien by reason of being surety on the bond.

OPINION OF THE COURT, BY JUDD, C.J.

In this action plaintiff claims in assumpsit of the defendant, Lincoln, $4,643.38 for materials furnished and money

advanced to him in the erection of a dwelling house and out-buildings for the defendant, W. C. Peacock, at Waikiki, and against Peacock to enforce a material man's lien upon his said house, notice of which has been filed according to the statute.

At the August Term of the Circuit Court, First Circuit, the jury was waived. Before the case was brought on for hearing, Lincoln had become bankrupt, and Mr. P. Muhlendorf was appointed as his assignee in bankruptcy. Mr. Muhlendorf is also the attorney in fact of plaintiff. Whereupon, as the bankruptcy of Lincoln had suspended this suit so far as he was concerned, the Court appointed J. A. Magoon, Esq., as special counsel for the assignee, and proceeded with the case to determine whether plaintiff was entitled to a judgment enforcing the notice of lien upon the said dwelling house.

The Court found that the delivery of the materials was admitted, and that it was sufficiently proved that such materials were furnished by plaintiff to defendant Lincoln at his request, and that they were used in the construction of the dwelling house of the defendant Peacock. There was introduced in evidence a bond given by Lincoln to him of which plaintiff was surety, a condition of which was that the principal, Lincoln, "shall deliver the said work to the said W. C. Peacock free from all liens and claims, without further cost, expense or charge to the said W. C. Peacock than is agreed or provided for in said agreement, and shall protect said property and its owner from all liens and claims for the space of ninety-five days after the completion of the construction of said buildings."

It was claimed by defendant Peacock that plaintiff had waived his right to a lien upon the property, because he was surety on the bond conditioned to deliver the house free of all liens and claims, and moved for judgment.

The plaintiff claimed that he was entitled to his judgment and that the defence of estoppel or waiver could not be set up in an action at law, but that Peacock must seek his remedy on the bond.

The Court held as follows: "This is a matter of direct defense. Mr. Allen, under the name of Allen & Robinson, is seeking to establish a lien against this property of Mr. Peacock, which he has directly covenanted and agreed to save harmless from this very sort of liability. I am fully of opinion that this is a defence available in an action at law, and that Mr. Peacock will not be compelled to institute a separate action to enforce his rights under the bond. Considering that the undertaking of Mr. Allen is a sufficient defense to this action so far as Mr. Peacock is concerned, judgment may be entered in his favor declaring the notice of lien filed against his property to be of no effect."

To the granting of this motion plaintiff duly excepted.

## By the Court.

In the argument before us plaintiff's counsel, F. M. Hatch, contends that the act of signing a bond as surety for the contractor is not an equivalent to a waiver of a lien which the surety would otherwise have for materials furnished, because (1) the rights and liabilities of the two relations are not co-extensive. The liability as a surety is limited by the amount of the penalty in the bond and cannot be greater. (2) By signing such a bond as surety a dealer cannot be presumed to have estopped himself from dealing with the principal and selling him material in the ordinary course of trade or of exercising all appropriate remedies given by law. (3) The relations between principal and surety cannot be relied upon by subsequent material men to defeat a prior lien. (4) The fact that plaintiff. is liable on his bond in a given amount is no reason why he should not have judgment on his lien. (5) A defense not pleadable on a set off cannot be admitted in an action at law to prevent multiplicity of suits. Citing *Lutheran Church vs. Wehr*, quoted in 18 Atl. R. 659.

Counsel for defendant Peacock, W. A. Kinney, relies upon an equitable estoppel. The bond given by Allen to indemnify Peacock against liens is conduct inconsistent with the

assertion of a lien upon his part. The giving of the bond estops Allen from claiming a lien for any sum, and the penalty of the bond is available to Peacock against the assertion of liens from other parties to its full amount.

Upon what reasoning can the estoppel be sustained? The lien for material such as the plaintiff advances, is a strictly legal one, expressly given by statute, and it ought not to be considered as waived or released except by plain facts. Phillips, Mechanics' Liens, Sec. 273. *Hinchman vs. Lybrand,* 14 Serg. & Rawle, 32.

In *Grant vs. Strong,* 18 Wallace, 623, the defendant, a brick layer, agreed in writing to take a deed for one of sixteen houses which plaintiff was building, as payment for the brickwork on all the houses. This deed was placed with a third party as an escrow to be delivered to defendant when the work was completed. During the progress of the work the contract was changed, so that defendant was to have plaintiff's negotiable note payable within three months of the date of completion of the work, and then the escrow should be cancelled. The court held that plaintiff could not intend that defendant should have a deed for one house and allow him also a lien upon all the others, and that as defendant looked to his security, and not to the lien, these facts repelled the idea of a lien, and were inconsistent with it. Here was the act of the contractor himself which would induce the owner to believe that the contractor did not rely upon the lien, but upon the security given.

*McGraw vs. Bayard,* 96 Ill., 147, is to the same effect; also *Gorman vs. Sagner,* 22 Mo., 137.

In *Hinchley vs. Greany,* 118 Mass., 595, the court held that a person who having a mechanic's lien upon a house, stated to an intending purchaser that there was no incumbrance upon it and advised him to buy it, who then bought relying upon his representation, was estopped from setting up his lien. There was a clear estoppel here. But if the person having the lien had merely stood by and seen the sale of the house, saying nothing, he would not be estopped.

. *Havighorst vs. Lindberg,* 67 Ill., 463.

In the case at bar we have the bond of the contractor that the house was to be delivered free of liens. The plaintiff was surety on the bond. He therein bound himself, in default of his principal doing so, to pay and discharge such liens as might be enforced against the structure, to the amount of the penalty of the bond, which is $4225.

Allen is not a lienor relying upon other security inconsistent with the reliance upon his statutory lien. The bond is silent as to Allen's own claim of lien. It is undoubtedly good indemnity against all liens, his own included, to the full extent of the sum named—but we fail to see that it can go any further. To hold that the bond estops Allen from maintaining his lien and is good against all other liens to an amount greater than the penalty of the bond would in effect write a larger sum in the bond. It would make a new and different contract between the parties.

*Hartman et al. vs. Berry et al.,* 56 Mo., 487, is very similar to our case. Here A advanced money to B to enable B to improve certain land, taking a deed of trust on the land and a *bond from C, the contractor, with D as surety, that the buildings to be erected would be delivered to B free from Mechanic's liens.* D subsequently filed a lien for materials delivered to C for the builders. The court says "*the bond itself would not operate* as a bar or estoppel against filing liens." It is to be regretted that this conclusion of the court is not fortified by any reasoning, but it was directly responsive to an allegation in the answer that D and his principal were estopped, and that they "ought not to be permitted to prosecute a lien against said buildings which by their own acts they had led defendant to believe they would see delivered free of all liens."

Another case is referred to by counsel for plaintiffs. It is *Lutheran Church vs. Wehr,* 44 Md., 453, cited and discussed in *Pinning vs. Skipper,* 18 Atl. R., 659. A careful reading of this case sustains the view that a judgment on a bond by a surety to deliver the structure to the owner free from all

liens may be set off to the lien claim. This would negative the idea that the bond operated as an estoppel.

We, therefore, sustain the exception and overrule the motion for judgment for the defendant, and the case is sent back to the Circuit Court, First Circuit, for further proceedings.

*F. M. Hatch,* for plaintiff.

*W. A. Kinney,* for defendant Peacock.

*J. A. Magoon,* for defendant Lincoln's assignee.