F. W. RAEDER, Respondent, *v.* CATHERINE BENSBERG ET UX., Appellants.

### January 21, 1879.

An architect has no lien for his services in drawing plans and specifications, and giving general directions to the builder under whose special superintendence the building was erected.

APPEAL from St. Louis Circuit Court.

*Reversed and remanded.*

GEORGE W. TAUSSIG, for appellants: An architect is not entitled to a lien for his services as such. — *Steadman* v. *Hockley*, 15 L. J. (Exch.) 332; *Stryker* v. *Cassidy*, 17 N. Y. 18; *Foushee* v. *Grigsby*, 12 Bush, 75; *Railroad Co.* v. *Leupper*, 84 Pa. St. 168; *Edgar* v. *Salisbury*, 17 Mo. 271; *Knight* v. *Morris*, 19 Minn. 475; *Ames* v. *Dyer*, 41 Me. 397.

HORATIO D. WOOD, for respondent: Under our statute relating to mechanics' liens, an architect who designs and superintends the erection of a building has a lien thereon. — *Bank* v. *Gries*, 35 Pa. St. 423; *Insurance Co.* v. *Rowland*, 26 N. J. 397; *Mulligan* v. *Mulligan*, 18 La. An. 20; *Knight* v. *Norris*, 13 Minn. 475.

BAKEWELL, J., delivered the opinion of the court.

This was an action to establish a mechanic's lien against certain houses erected upon a lot owned by Catherine Bensberg, the wife of her co-defendant, Gerhard Bensberg. There was a verdict for plaintiff, and the claim was found to be a lien on the property of Catherine Bensberg described in the petition, and judgment accordingly; from which defendants appeal.

The petition states that Catherine Bensberg, through her husband as her agent, employed plaintiff to design and superintend the erection of the building described; that plaintiff completely designed and superintended the erection

thereof, for which, by agreement, he was to receive five per cent upon the total cost of the house. The testimony showed that plaintiff was an architect; that he designed and superintended the building, and was to be paid a commission for doing so; that the plans were made by him; that the buildings were erected by one Eberly, who was the contractor for their erection; that plaintiff visited and inspected the house when the contractor reported it completed, and approved the work, and made out a certificate for the last payment. The account was rendered by plaintiff, and the lien filed for his services as architect in designing and superintending the erection of the building.

Many points are made by appellant. Amongst others, the question whether a lien for such a claim can be had under our law of mechanics' liens is properly saved by the instructions, and will be first examined. If it is found that no lien is given for such services, that is decisive of the case, and any further statement of the case, or consideration of other points presented by the record is unnecessary.

The question is one which has not been judicially determined in Missouri. In *Edgar* v. *Salisbury*, 17 Mo. 271, it was decided that an agent employed to disburse money and pay off hands in the building of a house has no lien for his services, and that the statute was designed to protect a different class of persons from those agents employed in paying laborers and material-men, and charging a commission for such services. But the court expressly says that it does not decide the question whether an architect who superintends the erection is entitled to a lien; and that because the point does not necessarily arise in the case.

The act provides (Wag. Stats. 907, sect. 1) that "Every mechanic or other person who shall do or perform any work or labor upon, or furnish any materials, fixtures, engine, boiler, or machinery for, any building, erection, or improvements upon land, or for repairing the same, under or by virtue of any contract with the owner, or his agent,

trustee, contractor, or subcontractor, shall have for his work or labor done, or materials, fixtures, engine, boiler, or machinery furnished, a lien," etc.

The policy of the law is to construe the law liberally as to the enforcement of the remedy, where it is clearly given; and the courts discourage an unfriendly strictness in construing the act against those classes whom it is the obvious design of the law to protect. *De Witt* v. *Smith*, 63 Mo. 263. But it is not the policy of the law to enlarge the scope of the act by construction, so as to extend its beneficial provisions to classes of persons not clearly entitled to its benefits. *Baldwin* v. *Merrick*, 1 Mo. App. 281. It seems clear enough that an architect is not a mechanic, and that he cannot be said to " do or perform any work or labor upon a building " when he draws and designs the plans according to which it is constructed. The statute, whilst it speaks of mechanics and other persons who perform work or labor upon a building, plainly does not include men of the learned professions who contribute by work not at all mechanical towards its erection. The rule in the construction of statutes is that, when general words follow particular words, the general words are applied to the things or persons particularly mentioned. So a statute treating of persons or things of an inferior rank cannot by general words be extended to those of a superior class. Dwar. on Stat. 656. The words " mechanics or other persons," according to this rule, mean other persons *ejusdem generis*.

The New York statute gives the lien to " any person who shall perform any labor * * * in building * * * any house," etc. It is held that these words do not give a lien to one who as an architect superintends the erection of a house. *Stryker* v. *Cassidy*, 17 N. Y. 18. Where a charter provided that stockholders should be liable for debts due their " laborers and operators for services performed for the corporation," it was held (*Ericsson* v. *Brown*, 38 Barb. 391) that these words did not cover ser-

vices rendereα by a consulting engineer, and were not designed to protect professional men.

Under a statute in Maine which gives a lien to "any ship-carpenter, caulker, blacksmith, joiner, or other person who shall perform labor or furnish materials for or on account of any ship," it is held that no lien is given to one who furnishes the plans by which the ship is constructed. *Ames* v. *Dyer*, 41 Me. 397. In *Sweet* v. *James*, 2 R. I. 270, under a statute giving a lien to "any person for all work done in the construction, erection, or reparation of a building," it is held that a contractor is entitled to a lien for work paid for by him for the building, and performed by men employed by him, as well as for his own personal labor, on the ground that the labor done upon the material before it was annexed goes into the work contracted for, and becomes part of the building. "The whole theory of a lien for labor and materials," says Sandford, J., in *Phillips* v. *Wright*, 5 Sandf. 342, "rests upon the basis that such labor and materials have entered into and contributed to the production or equipment of the thing upon which the lien is impressed. It cannot be said that materials are furnished for and towards building a ship, when no part of them enters into or becomes part of the ship."

In Kentucky it is held that the architect or superintendent of a building has no lien, the character of his services not being such as is embraced within the provisions of the statute. *Foushee* v. *Grigsby*, 12 Bush, 76. The language of the mechanic's-lien law of Kentucky is not set out in the opinion.

The Pennsylvania act provided, generally, that "houses and buildings should be subject to a lien for the payment of all debts contracted for work done or materials furnished for their erection." The designation of the mechanics and material-men entitled to a lien, which had been contained in former laws on the subject, was omitted from the act of 1836. The Supreme Court held, in *Bank* v. *Gries*, 35 Pa.

St. 423, that as the work of drawing plans, superintending the work, and explaining and directing its proper execution is often done by a master-mechanic, and is essential to the construction of a building, the fact that it requires some architectural skill will not deprive a master-mechanic of a lien for such work. But says that a mere naked architect who draws plans would not be entitled to a lien for such work; that, to entitle the claimant to a lien, the work must be mechanical; and that it is mechanical in case of a master-mechanic who devotes his whole time to a building, draws plans for every part of the work, and directs its execution. And in a recent Pennsylvania case (*Price* v. *Kirk*, Leg. Int. 1878, p. 325), where the claim is filed by an architect for drawings, plans, and specifications for a building, and for labor and services in and about directing and overseeing the same, it is held that such a claim is not for " work; " that an architect is not a laborer within the meaning of the law. *Bank* v. *Gries* is referred to in the opinion, and it is said that there the architect occupied the place of a mere builder. An intimation is also given that in a more recent case (*Railroad Co.* v. *Leuffer*, 84 Pa. St. 168), which we have had no opportunity to examine, the authority of *Bank* v. *Gries* is shaken.

In Louisiana it is held that an architect has a lien under a law giving a lien to any " mechanic, workman, or other person." *Mulligan* v. *Mulligan*, 18 La. An. 20. And in New Jersey it is also held (*Mutual Benefit Co.* v. *Rowand*, 26 N. J. Eq. 389) that an architect who draws the plans and superintends the entire construction is entitled to a lien. This is only one of many points in the case, and it does not seem to have received any very careful consideration. Reference is made to *Bank* v. *Gries*, cited above, and to Phillips on Liens, sect. 158, in support of the position taken. These authorities go no further than to say that a builder who devotes his entire time to a building and

directs every part of the work will not lose his lien and cease to be a mechanic because he is also an architect.

In Minnesota it is held that an architect has a lien for drawing plans and specifications and superintending the building. The court was divided. *Knight* v. *Morris*, 13 Minn. 475. The majority of the court seem to base their opinion upon the case of *Bank* v. *Gries;* but, as is said by the dissenting judge, that case is no authority for the proposition that an architect is entitled to a lien for making plans and for general superintendence.

The case before us is certainly altogether distinguishable from *Bank* v. *Gries*. The plaintiff in the present case drew the plans, but it does not appear that he exercised any constant supervision over the workmen, or gave any minute directions. On the contrary, it appears that the house was erected by a builder, who contracted with one of the defendants and followed plaintiff's plans. Plaintiff's claim is for services rendered, not in a mechanical capacity, but purely as an architect. We are of opinion that the mechanic's-lien law was not intended to extend to such services. A mechanic who acts as overseer whilst performing manual labor does not lose the lien given him for his mechanical services because he also acts as overseer; but an architect is not a mechanic, nor *ejusdem generis*, and his services in drawing plans and specifications and giving directions to the builder under whose special superintendence the house is being erected cannot be called, in any proper sense of the words, "work or labor upon the building."

For these reasons the judgment of the Circuit Court should be reversed. It is so ordered, and the cause remanded. All the judges concur.