[L. A. No. 227.    Department Two.—November 2, 1897.]

## V. L. WARD, Administrator etc. of James K. Kelley, Deceased, Respondent, v. FRANK L. CRANE et al., Appellants.

MECHANIC'S LIEN—DESCRIPTION OF WORK—ERECTION OF BUILDING.—Where the work for which a claim of lien was filed consisted of the almost entire demolition of an old house, and the building of a substantially new structure in its place, it is sufficient to describe the work in the claim as the "erection" of a house, although a small part of the old building was embodied in the new.

ID.—COMPLETION OF WORK—DISCHARGE OF CONTRACTOR.—Where a mechanic, engaged by the day to erect a building, under the control of the owner, is discharged by him when the work was on the verge of full and actual completion, the owner undertaking to finish it, such discharge is equivalent to an acceptance of the work as a completed contract for the erection of the building, and the notice of lien may be properly filed at any time within thirty days thereafter.

ID.—FORECLOSURE OF LIEN—FINDING—SIZE OF LOT—USE AND OCCUPATION.— In an action to foreclose a mechanic's lien, a finding, following the allegation of the complaint, on which no issue was raised by the answer, that all the lot on which the building was erected was necessary to the "convenient use and enjoyment" thereof, will be construed to mean "convenient use and occupation," and, in the absence of evidence as to the size of the lot, it will be presumed, in support of the judgment, that the whole of it is necessary for the convenient use and occupation of the dwelling.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order refusing a new trial. J. W. McKinley, Judge.

The facts are stated in the opinion.

M. C. Hester, for Appellants.

W. S. Wright, for Respondent.

HAYNES, C.—Action to foreclose a mechanic's lien. The defendants employed Kelley to do the carpenter work hereinafter specified at an agreed compensation of two dollars and fifty cents per day. His labor amounted to one hundred and five dollars, of which forty dollars has been paid, leaving due the sum of sixty-five dollars, for which he filed a lien.

Kelley died after the cause was tried, and his administrator was substituted. Findings and judgment were for the plaintiff, and this appeal is from an order denying defendants' motion for a new trial, which motion is based upon the alleged insufficiency of the evidence to justify certain findings, and that the court erred in receiving in evidence the claim of lien filed by the plaintiff.

1. It is contended by appellants that the finding that plaintiff performed the labor, for which a lien is claimed, in the "erection" of a house, is not justified by the evidence.

There is no controversy as to the amount and value of the labor performed by Kelley, but it is said this work was done in "the alteration and repair of an old house," and not in the "erection" of a house, as alleged in the complaint and stated in the notice of lien. The answer of defendants is a denial that the work was performed in the "erection" of any house. As to the character of the work done by him Mr. Kelley testified: "The work was done upon the house of the said Cranes in Pasadena. We tore away the south, east, and west sides of the old house, and put up an addition ten feet wide on the south side. The roof of the old building was removed and a new one put on over the old part and the addition, but the floor was not taken up, but was enlarged and raised by putting in underpinning. I made the new house twenty-five feet in width instead of fifteen; added a kitchen eight feet by twelve feet in the rear, and a porch twenty feet by eight feet on the front. All the partitions were new. The ceiling joists were all new. It was lathed and plastered, and the old house was not."

Mr. Witham, a contractor and builder, said: "The building was an old building remodeled."

George Anderson testified that plaintiff "tore away all of the old house except the north side and a part of the back side and floor. I think all of the front side was removed." The evidence for the defendants was substantially the same. We think the finding that the work was performed in "the erection of a dwell-

ing-house" was sustained by the evidence. There is no contro-
versy or uncertainty as to the building upon which the labor was
performed, nor as to the labor having been performed, nor as to
the stipulated wages, or the amount remaining unpaid; and de-
fendants, therefore, could not have been misled by the averment
in the complaint and the statement in the notice of lien that the
work was performed in the "erection" of the building. When the
old building was practically destroyed by tearing off the roof and
the upper joists, leaving only two sides and a patch of floor, it
could not properly be termed a building; and, if not, the work
performed by respondent might properly be characterized as the
erection of a building.    Our conclusion is not inconsistent with
the case of *Eaton v. Malatesta,* 92 Cal. 75, cited by appellant.
That action was for work done and materials furnished, as alleged
in the complaint, for the erection of a certain building upon cer-
tain land, while the evidence showed without conflict that the
contract, and the work performed under it, was to raise up, move
back, and repair two houses, and furnish material therefor; and
it was held the proofs did not conform to the contract alleged in
the complaint or to the notice of lien.    The distinction between
that case and this is obvious.

What we have said above disposes of appellant's second point,
viz., that the court erred in admitting in evidence plaintiff's no-
tice of lien, the objection being that it claimed a lien for labor
performed "in the erection of said dwelling-house," instead of in
the repair of the house.

It is further contended that the fifth finding, to the effect that
the lien was filed within thirty days after the completion of the
building, is not justified by the evidence.

In the fourth finding it was expressly found that the building
was completed on the eleventh day of January, 1894, and the fifth
finding also finds that the notice of lien was filed on January 31,
1894.

As to the date at which the building was completed there is a
material conflict in the evidence.    The plaintiff testified that
"The building was substantially finished when I left [January 11,
1894], and was completed by the middle of January, 1894."

The plaintiff further testified in substance that when he quit
work they were out of lumber, and there was only a few feet more

required to complete the work; that Mr. Crane told him there was no more for him to do, and that he, Crane, would put in the balance of the boards in the rear of the house along the base below the floor, and that there was about a half day's work to finish the painting, which was being done by Mr. Crane. If this evidence would be sufficient to sustain the finding in the absence of conflicting evidence, we cannot disturb it, and we think it is. Plaintiff was working by the day, was under the control of defendants, and was discharged by them when the work was on the verge of full and actual completion.

Such discharge, under the circumstances stated, was an acceptance of the work as a completed contract for the erection of the building, and the notice of lien might be properly filed at any time within thirty days thereafter.

Appellants further contend that their motion for a new trial should have been granted because the court found that "all of said realty is necessary for the convenient use and enjoyment of said building."

The property is described as "lot forty-two (42) of a resubdivision of E. Turner's tract, according to a map of said tract." The complaint, by inadvertence, doubtless, used the expression "convenient use and enjoyment," instead of the language of the statute, "convenient use and occupation."

No issue was taken by the answer upon this allegation of the complaint, nor was there any evidence as to the size of the lot.

It is argued that there is a wide difference between the words "enjoyment" and "occupation"; that a much larger parcel of land might be required for the former than the latter, and that hence the finding and decree may embrace more land than is authorized by the statute.

We see no material distinction between the two words in this connection. In *Tunis v. Lakeport etc. Assn.*, 98 Cal. 286, it was said: "The expression, 'the land upon which any building . . . . is constructed, together with a convenient space about the same, or so much as may be required for the convenient use and occupation thereof,' should be construed to mean such space or area of land as is necessary to the enjoyment of the building for the purpose in view in its construction"; thus using the word "enjoyment" as synonymous with occupation. Besides, in the ab-

sence of evidence as to the size of the lot, it will be presumed, in support of the judgment, that the whole of it is necessary for the convenient use and occupation of the dwelling. (*Sachse v. Auburn,* 95 Cal. 650.)

The order denying a new trial should be affirmed.

Chipman, C., and Britt, C., concurred.

For the reasons given in the foregoing opinion the order denying a new trial is affirmed.

McFarland, J., Temple, J., Henshaw, J.