COTTON PLANT LUMBER COMPANY *v.* ASH GROVE BAPTIST CHURCH.

Opinion delivered July 3, 1922.

SALES—ATTACHMENT.—Where a lumber company furnished materials to a contractor who was constructing a building on a lot for a church on the credit of the contractor, not of the church, the lumber company could not have lumber belonging to the church seized under attachment against the contractor, though most if not all of the lumber had been bought by the contractor from the lumber company.

Appeal from Woodruff Circuit Court, Southern District; *J. M. Jackson,* Judge; affirmed.

*Jonas F. Dyson,* for appellant.

Under the merchandise lien law, where materials are furnished a contractor to be used in the construction of a building, the presumption will be that the materials were furnished on the credit of the building and its owners, and such presumption will become conclusive unless rebutted by evidence showing that they were furnished on the personal credit of the contractor. 99 Ark. 293.

The court erred in directing a verdict for the appellees. 119 Ark. 291.

*Mathis & Trice,* for appellees.

A stranger's property is not subject to attachment. 15 Ark. 459; 45 Ark. 112.

The case of *Pratt* v. *Nakdimen,* 99 Ark. 293, is not in point. In that instance the court passed upon the right of a vendor of building materials to attach materials which had been furnished a contractor at a building site, but which at the time of the levy had not been incorporated in the building and the title to which had not been transferred to the owner of the building.

SMITH J. Appellants, plaintiffs below, sued G. H. Bell for lumber and building material furnished him between May 10 and May 20, 1920, as set forth in an itemized statement which was made exhibit "A" to the complaint, which was filed on May 5, 1921. It was alleged

that the Ash Grove Baptist Church owns the lots upon which said material is located, and that a portion thereof had been used in the construction of the foundation of the church house which Bell had erected on said lots; and it was further alleged "that the said Geo. H. Bell holds legal title to a good portion of the material now lying on the lots owned by said Ash Grove Baptist Church, being lot——in block———, in Carter's subdivision of the town of Cotton Plant, Arkansas." It was alleged that Bell had become a nonresident of the State, and a general attachment issued, which was levied on the lumber piled in the church yard. There was no prayer for a lien on the church building for the material alleged to have been used in its construction.

Bell filed no answer and made no defense, and has not appealed from the judgment rendered against him; but the trustees for the church filed an intervention in which they claimed the attached lumber. At the conclusion of all the testimony the court directed a verdict in favor of the intervener, and this appeal is from that judgment.

Plaintiff's manager testified that he sold Bell a bill of lumber and gravel amounting to $697.04, and that a payment of $184.50 had been made. That he had his dealings with Bell, and that the church was not known in the transaction, and he did not look to the church for payment; did not know what became of the material; and did not know whether any of the material on the church lot was a part of the material plaintiffs had sold Bell.

One of the trustees of the church, who was a member of the building committee, testified that the church had contracted with Bell to erect the building for the sum of $10,800, and the contract, which was in writing, provided that Bell should furnish the materials needed in the construction of the building, and that he should be paid for the materials as they were furnished. The testimony established the fact that the plaintiffs sold to Bell, upon Bell's credit, and it is also established the fact that under

the building contract between Bell and the church the material became the property of the church when it was placed on the church lot. In other words, the plaintiffs sold to Bell, and Bell sold to the church. The building contract provided for an initial payment to Bell of $2,-500, with which Bell should buy materials.

It does not affirmatively appear what part of the material, if any, bought by Bell from plaintiffs was attached, but it does appear that most, if not all of the material attached, had not been bought from plaintiffs by Bell.

Appellants cite the case of *Pratt* v. *Nakdimen,* 99 Ark. 293, and quotes as controlling here the following statement of the law from that case: "Under the mechanics' lien law, where materials are furnished a contractor to be used in the construction of a building, the presumption will be that the materials were furnished on the credit of the building and its owner, and such presumption will become conclusive unless rebutted by evidence showing that they were furnished on the personal credit of the contractor."

As has been said, this is not a proceeding under the mechanics' lien law. It is not shown what part, if any, of the materials sued for went into the building, or was found on the church lot, and it does appear that the material was sold on the credit of Bell, and not that of the church.

The verdict was therefore properly directed in favor of the intervener, and the judgment thereon is affirmed.