ARTHUR MORGAN TRUCKING COMPANY, RESPONDENT, v. G. H. SHARTZER, DOING BUSINESS AS SHARTZER WRECKING CONTRACTORS AND AS SHARTZER WRECKING & EXCAVATING CONTRACTORS; FRUIN COLNON CONTRACTING COMPANY ET AL., DEFENDANTS, PETER A. O'NEIL ESTATE, KARON REALTY COMPANY AND LERNER SHOPS OF MISSOURI, INC., APPELLANTS.—174 S. W. (2d) 226.

St. Louis Court of Appeals. Opinion filed October 5, 1943.

Appellants' motion for a rehearing denied October 22, 1943.

536

*John S. Leahy* and *Wm. O'Herin* for appellants.

*Kramer & Chused* for respondent.

HUGHES, P. J.—This is an action to enforce a lien under the statute entitled, "Liens of Mechanics and Materialmen" (Sec. 3546 et

seq., R. S. 1939), for work or labor performed by plaintiff in hauling away debris and material from, and hauling necessary tools and materials to, a building being wrecked and removed from a lot located at 6th and St. Charles street, St. Louis, Missouri, in order to clear the ground for the erection of a new building.

Peter A. O'Neil Estate owned the fee in the lot and the old building, and the Karon Realty Company was the owner of a 99 year leasehold thereon, by the terms of which it was required to erect a new building in place of the existing building, and the Lerner Shops of Missouri, Inc., was the owner of a 25 year leasehold from Karon Realty Company, which likewise obligated it to erect a new building in place of the existing building, the plans therefor to be approved by both the Karon Realty Company and the Peter A. O'Neil Estate. The Lerner Shops submitted plans and specifications for the new building, the cost estimate including the wrecking of the old building; which were approved in writing by Karon Realty Company and Peter A. O'Neil Estate.

Thereafter Lerner Shops contracted with Fruin Colnon Contracting Company to wreck the old building and erect the new building, and the latter company contracted with G. H. Shartzer for wrecking and removing the old building. Thereupon Shartzer entered into an agreement with plaintiff to furnish trucks and labor to haul necessary tools and material to the old building and to haul away the wreckage of the old building. Plaintiff fully complied with its agreement, and its bill in the sum of $1792.26 has never been paid by Shartzer or anyone else.

In the circuit court plaintiff had judgment by default against defendant Shartzer for $1792.26, and for $268.83 interest, aggregating $2061.09 and for costs. And upon trial plaintiff was given a lien upon the interest of the Peter A. O'Neil Estate, Karon Realty Company, and Lerner Shops of Missouri, Inc., and the three last-named defendants appeal.

Appellants' contentions are, that (a) plaintiff's claim against Shartzer was not predicated on lienable charges; (b) that plaintiff did not perform any work or labor upon or furnish any material for the erection of the new building, and (c) that plaintiff furnished trucks and drivers to haul away debris from a wrecked building for which the statutes do not provide a lien. No question is raised as to the amount of plaintiff's claim being just and reasonable for the services performed, nor of the proper and timely filing of the lien and giving the required notices, and there is no contradiction of plaintiff's evidence that it furnished the services sued for upon the faith and credit of a lien upon the premises and building. Therefore, the only issue presented is whether a mechanic's lien will be allowed for work and labor performed in the wrecking and removal of an old building even though such work and labor is performed persuant to an integral con-

tract for the removal of an old building and the erection of a new building at the same site. The question has never been directly determined by any of our Appellate Courts.

Section 3546, Revised Statutes 1939, provides:

"Every mechanic or other person, who shall do or perform any work or labor upon . . . any building, erection or improvements upon land : . . under or by virtue of any contract with the owner or proprietor thereof, or his agent, trustee, contractor or sub-contractor . . . shall have for his work or labor done . . . a lien upon such building, erection or improvements, and upon the land belonging to such owner or proprietor on which the same are situated, . . . "

Even though liberally construed as it should be the statute does not go so far as to authorize a lien on the real estate to which it is attached for the mere wrecking and removal of a building. We may go further and say that the statute gives no lien on the real estate in any case except as correlative to a lien on a building, erection or improvement, and then upon the theory that the building, erection or improvement has been a benefit to the realty and enhanced its value. This was definitely decided in the case of Holtzhour v. Meer, 59 Mo. 434, wherein the suit was for work done in tearing down an old house and "nothing was put on—no improvements were made," and the Supreme Court affirmed the judgment of the circuit court denying the right to a lien. That case is clearly distinguishable from this wherein the entire work of removing the old and erecting the new building was performed pursuant to an indivisible contract for the improvement of the owners and lessees property. Whether performed by the original contractor in person, or by sub-contractors for the several parts of the work, the object and purpose of the owner and lessees was to have erected a new building on a site occupied by an old building, and the whole was incorporated in one integral contract for the improvement of the owners and lessees property; the contract was impossible of fulfillment without the removal of the old building; that work was a part and parcel of the whole scheme involved in the erection of a new building, and was within the contemplation of both the owner and lessees, on the one part, and the contractor, on the other part, and expressly provided for in their contract. Then how could it be reasonably said, under such circumstances, that the preparation of the site by the removal of the old building was not an integral and constitutive part of the erection of the new building? There was only one settlement to be made by the lessee with the contractor, and that was for a completed new building which included the demolition of the then existing building. Under such circumstances this court has held in the case of Bruns v. Braun, 35 Mo. App. 337, that a lien was authorized because the parties had in contemplation that the whole work should form but one and not distinct matters of

settlement. In the Bruns case this court, following the Kansas City Court of Appeals, stated the applicable principles of law as follows:

"The Kansas City Court of Appeals in case of Page v. Bettes, 17 Mo. App. 375, says: 'When work, distinct in its nature is performed at different times, the law supposes it to have been performed under distinct engagements, as when the work at one time is for building, and at another time for repairing. So, when two distinct contracts are in fact made, as for different parts of the work, the work done under each contract must be considered as entire of itself. But when work, or material, is done, or furnished, all going to the same general purpose, as the building of a house or any of its parts, though such work be done or ordered at different times, yet if the several parts form an entire whole, or are so connected together, as to show that the parties had it in contemplation that the whole should form but one and not distinct matters of settlement, the whole account must be considered as a unit, or as being but a single contract.' This is probably as succinct and correct a statement of the law as could be made."

We do not mean to hold that the mere fact that provision was made in the building contract for the wrecking of the old building would of itself be the controlling element in determining that the wrecking of the old building constituted a part of the erection of the new building. We think the controlling element for consideration in any such case is and ought to be, what was the immediate purpose of the owner in having the old building wrecked? Was it a part of the owner's scheme and plan to proceed without interruption or delay and as one project with the erection of a new building? If that was the intention, purpose, and aim of the owner, to be determined in each case from all of the attending facts and circumstances, the claim is and ought to be a lienable one, being in effect for work or labor upon the new building, erection or improvement; in other words, the destruction of the old was a necessary element or part of the construction of the new. It all comprised one project. On the other hand, work or labor performed for the sole purpose of wrecking and removing an old building, with no definite and formed plan or intention of proceeding without delay or interruption with a new building, erection or improvement, as in the case of Holtzhaur v. Meer, *supra,* would not constitute a lienable claim, and for two reasons, first, because a lien cannot be established against a lot or land alone, and, second, the demolition would not be an integral and constitutive part of a fixed plan or project for enhancing the value of the land or lot by placing thereon a building, erection or improvement.

Our attention is called to the contrary ruling of the Supreme Court of the State of Washington in the case of Sound Transfer Co. v. Phinney Realty & Inv. Co., 71 Wash. 473, 128 Pac. 1047, followed by the same court in the case of Bon Marche Realty Co. v. Southern Surety Co., 278 Pac. 679, where under facts similar to those in this

case, and under a statute very similar to ours, that court holds the claim was not a lienable one. However, if it were necessary to go to cases from the courts of other states for authority to sustain our views the great weight of such authority coincides with our views as above set forth.

In the case of Pratt v. Nakdimen, 99 Ark. 293, 138 S. W. 974, the Supreme Court of Arkansas in construing a statute of that State similar to ours, and on similar facts as in this case, held that, "The court correctly ruled that the sum of $681.50, paid by Miller for removing the old material, was a lienable claim. That sum represented the cost of labor that really went into the construction of the new building, for it was impossible to build the new building without the removal of the old."

In the case of Ketchum v. Land Title & Trust Co., 257 Pa. 391, 101 Atl. 764, the Supreme Court of Pennsylvania citing the case of Bruns v. Braun, *supra*, and the case of Pratt v. Nakdimen, *supra*, and being a case which involved the tearing down of a dwelling house before an apartment house could be constructed upon the lot, held as follows:

"The demolition of the dwelling house was a necessary precedent condition to the erection of the apartment house. The latter could not be built until the former was out of the way. The tearing down of the old house was more essential to the building of the new than would have been the digging of a cellar, for the new house might have been build without a cellar. The first step to be taken for its erection was the removal of the old dwelling which stood on the site selected for it. The situation here presented is not that of the removal of an old building, having no connection with the construction of a new one, for the removal was so linked with the work upon the new building as to become a part of one single operation."

In the case of Peaceable Creek Coal Co. v. Jackson, 26 Okla. 1, 108 Pac. 409, the following holding with the citation of authorities was made:

"Where the removal of a building is incidental merely to a general scheme of improvement, it seems to be the rule that a lien may be acquired. [Pratt v. Nakdimen (Ark.), 138 S. W. 974; Chase v. James, 10 Hun. (N. Y.) 506; Allen v. Elwert, 29 Ore. 428, 44 Pac. 823, 48 Pac. 54.] It has been held that an entire contract for digging a cellar, erecting foundations, walls and piers, and moving buildings, upon such foundations and piers, and the materials furnished therefor, constitutes a basis for a lien. [Chase v. James, 10 Hun. (N. Y.) 507.] And it has been held, it seems, that the removal of a building in order to give place to a new building is in effect part of the construction of the new building and hence lienable. [Pratt v. Nakdimen (Ark.), 138 S. W. 974] . . . "

"Where an old building is torn down for the purpose of erecting a new one, obviously a different case is presented. The demolition

becomes part of the work of erection, construction or repair, and the laborer is entitled to a lien. [Ward v. Crane, 118 Cal. 676, 50 Pac. 839; Bruns v. Braun, 35 Mo. App. 337. See also McCristal v. Cochran, 147 Pa. St. 225, 23 Atl. 444 (point not decided).] And this would seem to be especially true where the materials of which the old building is composed are incorporated in the new structure. [See Whitford v. Newell, 2 Allen (Mass.) 424.] In Bruns v. Braun, 35 Mo. App. 347, the court said: 'When a building is merely removed from premises, it is quite apparent that the right to a lien, against the land alone, could not exist. But in the case at bar, the second story of the building and the porch were torn away in order that the building might be remodeled or repaired to suit the purposes of the owner. Would it not be proper to say, that the labor necessary to accomplish this was performed in repairing the building or that it was a necessary part of the improvements made thereon? If so, the right to a lien clearly exists under the statute.' "

In 36 Am. Jur., sec. 63, p. 53, after stating that the prevailing rule is that a lien cannot be acquired for removing or tearing down a building, proceeds with the following statement:

"But where one under contract for the erection of a building upon a site already occupied by another building, and by agreement with the owner, tears down and removes the old building, as a necessary step preparatory to the erection of the new building, it has been held that the labor so expended by him in its demolition and removal is performed or furnished in the 'erection,' etc., of the new building, within the meaning and purpose of a statute of this kind."

To the same effect is the statement in 18 R. C. L., sec. 44, p. 914.

In 40 C. J., sec. 43, p. 69, the rule is stated as follows:

"No lien arises for simply tearing down a building or a part thereof; but, except in some jurisdictions where improvements for which a lien can properly be obtained are made, and the work of tearing down old structures or parts thereof, and removing the debris, is a necessary part of the making of the improvements, such work may be included in the lien, . . . "

And in the note following the case of Bon Marche Realty Co. v. The Southern Realty Co., *supra,* as it appears in 63 A. L. R. 1250, and on page 1256, we find the following comment:

"On the other hand, the majority of cases in which this question has been presented, and by what seems to be the more logical rule, hold that where one under contract for the erection of a building upon a site already occupied by another building, and by agreement with the owner, tears down and removes the old building, as a necessary step preparatory to the erection of the new building, the labor so expended by him in its demolition and removal is performed or furnished in the 'erection,' etc., of the new building, within the meaning and purpose of a statute of this kind. [Pratt v. Nakdimen (1911),

99 Ark. 293, 138 S. W. 975, Ann. Cas. 1913A 872; Ward v. Crane (1897), 118 Cal. 676, 50 Pac. 839; Bruns v. Braun (1889), 35 Mo. App. 337, *supra.*] This view rests upon the theory, as expressed in the first of these cases, that the labor so expended, or the cost thereof, 'really went into the construction of the new building, for it was impossible to build the new building without the removal of the old.' [Pratt v. Nakdimen (Ark.), *supra.*] And where one under contract for the erection of a building, and as a necessary step towards the performance of his contract, tears down an old building already occupying the site, the demolition thereof constitutes a 'visible commencement upon the ground of the work of building,' within the meaning of a section of a statute of this kind, defining the priority of liens, so that a mechanic's lien filed for work, labor and materials performed or furnished in the erection of the new building dated from the commencement of the work of demolishing the old building. [Ketcham v. Land Title & T. Co. (1917), 257 Pa. 391, 101 Atl. 764.]''

Appellant argues that the cases above cited from other States, and which were cited in respondent's brief, are merely excerpts quoted in argument in the several cases. We do not so read the cases. The writers of those opinions were stating established principles of law which were applicable in the given case, and are applicable in this case. Hence, whether the statements did or did not come under the designation of *obiter dictum,* they are at least persuasive as showing the trend of legal thought of the several judges who have had the questions in mind.

In view of what we have said the judgment of the Circuit Court should be affirmed. It is so ordered. *McCullen, J.,* concurs; *Anderson, J.,* not sitting.