**LOUIS G. CHIODINI, INC., d/b/a Chiodini Associates, a Missouri corporation, Appellant,**

v.

**SUMMER RIDGE DEVELOPMENT COMPANY, et al., Respondents.**

No. 70028.

Supreme Court of Missouri,
En Banc.

June 14, 1988.

David Lander, Dan H. Ball, Victor Scott Williams, Francis X. Buckley, Jr., St. Louis, for appellant.

Kenneth Hayden, Michael L. McDorman, Versailles, Shaun Baskett, John E. Curran, Osage Beach, for respondents.

BLACKMAR, Judge.

The plaintiff is an architectural firm which furnished services under a contract with the owners of property in Camden County. No effort was made to comply with the notice provisions of § 429.012, RSMo 1986, with regard to potential lien claims. When full payment was not forthcoming a lien statement was filed and timely suit was commenced in accordance with the governing statutes. The trial court dismissed the lien count because of failure of compliance with the notice provisions, and final judgment was entered for the defendants after the plaintiff dismissed the remaining counts. The court of appeals affirmed. We granted transfer to consider the plaintiff's claim that architects claiming liens pursuant to § 429.015, RSMo 1986, do not have to give notice pursuant to § 429.012. We conclude that the plaintiff's claim is well taken and reverse and remand for further proceedings.

Prior to 1971 the bulk of the services performed by architects were held not to be within the protection of the mechanics lien laws.[1] In that year § 429.015 was enacted. With emphasis supplied, it reads as follows:

Lien authorized for architectural, professional engineering or land survey work, extent of lien.—1. Every registered architect, registered professional engineer or registered land surveyor, who does any architectural, engineering or land surveying work upon or performs any architectural, engineering or land surveying service directly connected with the erection or repair of any building or other improvement upon land under or by virtue of any contract with the owner or proprietor thereof, or his agent, trustee, contractor or subcontractor, *upon complying with the provisions of this chapter,* shall have for his architectural, engineering or land surveying work or service so done or performed, a lien upon the building or other improvements and upon the land belonging to the owner or proprietor on which the building or improvements are situated, to the extent of one acre. If the building or other improvement is upon any lot of land in any town, city or village, then the lien shall be upon such building or other improvements, and the lot or land upon which the building or other improvements are situated, to secure the payment for the architectural, engineering or land surveying work or service so done or performed.

2. Every mechanic or other person who shall do or perform any work or labor upon or furnish any material or machinery for the digging of a well to obtain water under or by virtue of any contract with the owner or proprietor thereof, or his agent, trustee, contractor or subcontractor, *upon complying with the provisions of sections 429.010 to 429.340* shall have for his work or labor done, or materials or machinery furnished, a lien upon the land belonging to such owner or proprietor on which the same are situated, to the extent of one acre, to secure the payment of such work or labor done, or materials or machinery furnished as aforesaid.

3. Every mechanic or other person who shall do or perform any work or labor upon, or furnish any material, fixtures, engine, boiler or machinery, for the purpose of demolishing or razing a building or structure under or by virtue of any contract with the owner or proprietor thereof, or his agent, trustee, contractor or subcontractor, *upon complying with the provisions of sections 429.010 to 429.340,* shall have for his work or labor done, or materials, fixtures, engine, boiler or machinery furnished, a lien upon the land belonging to such owner or proprietor on which the same are situated, to the extent of one acre. If the building or buildings to be demolished or razed are upon any lot of land in any town, city or village, then the lien shall be upon the lot or lots or land upon which the building or other improvements are situated, to secure the payment for the labor and materials performed.

4. The provisions of *sections 429.030 to 429.060 and sections 429.080 to 429.430* applicable to liens of mechanics and other persons shall apply to and govern the procedure with respect to the liens provided for in subsections 1, 2 and 3 of this section.

In 1974 the legislature adopted a statute[2] to protect owners who might inadvertently pay contractors without making sure that the contractors had paid subcontractors, laborers and materialmen. This statute was amended in 1986 and now reads as follows:

Original contractor to have lien, when —notice required, form of—penalty for

---

**1.** *See Henges Co. v. Doctors' North–Roads Building, Inc.,* 409 S.W.2d 489 (Mo.App.1966); *Raeder v. Bensberg,* 6 Mo.App. 445 (1879).

**2.** The bill, S.C.S. H.S. H.B. 1251, L.1974, p. 908, directed the repeal of then § 429.010, RSMo 1969, and the enactment of a new § 429.010.

The revisor of statutes retained subsection 2 of the bill as § 429.010, and renumbered the remainder as § 429.012, subsections 1, 2 and 3. Subsection 4 of 429.012 was adopted in 1986, L.1986, p. 1040.

failure to notify—exception to requirement.—1. Every original contractor, who shall do or perform any work or labor upon, or furnish any material, fixtures, engine, boiler or machinery for any building, erection or improvements upon land, or for repairing the same, under or by virtue of any contract, shall provide to the person with whom the contract is made prior to receiving payment in any form of any kind from such person, (a) either at the time of the execution of the contract, (b) when the materials are delivered, (c) when the work is commenced, or (d) delivered with first invoice, a written notice which shall include the following disclosure language in ten point bold type:

### NOTICE TO OWNER

FAILURE OF THIS CONTRACTOR TO PAY THOSE PERSONS SUPPLYING MATERIAL OR SERVICES TO COMPLETE THIS CONTRACT CAN RESULT IN THE FILING OF A MECHANIC'S LIEN ON THE PROPERTY WHICH IS THE SUBJECT OF THIS CONTRACT PURSUANT TO CHAPTER 429, RSMo. TO AVOID THIS RESULT YOU MAY ASK THIS CONTRACTOR FOR "LIEN WAIVERS" FROM ALL PERSONS SUPPLYING MATERIAL OR SERVICES FOR THE WORK DESCRIBED IN THIS CONTRACT. FAILURE TO SECURE LIEN WAIVERS MAY RESULT IN YOUR PAYING FOR LABOR AND MATERIAL TWICE.

2. Compliance with subsection 1 of this section shall be a condition precedent to the creation, existence or validity of any mechanic's lien in favor of such original contractor.

3. Any original contractor who fails to provide the written notice set out in subsection 1 of this section, with intent to defraud, shall be guilty of a class B misdemeanor and any contractor who knowingly issues a fraudulent lien waiver shall be guilty of a class C felony.

4. The provisions of this section shall not apply to new residences for which the buyer has been furnished mechanic's and supplier's lien protection through a title insurance company registered in the state of Missouri.

The plaintiff points to subsection 4 of Sec. 429.015, and argues that § 429.012 is not contained within the bracketing of statutes in that section. The defendants argue that the key language is found in subsection 1 of § 429.012, requiring compliance with "this chapter." Section 429.012 did not exist at the time 429.015 was enacted, but is a part of the same chapter.

It is suggested that subsections 2 and 3 of 429.015 may provide a clue. These provide coverage for well diggers and demolition contractors, who had also had problems in maintaining lien claims.[3] Both of those subsections call for "complying with the provisions of sections 429.010 to 429.-340" instead of "complying with the provisions of this chapter," as is required in subsection 1 for architects. Subsection 4, however, applies to well diggers and wreckers just as it does to architects, and so the same problems of construction remain.

The defendants point to the 1986 amendments to § 429.012, which exempt a contractor from the notice requirement if the owner is protected by a title insurance policy. They suggest that, had the legislature intended to exempt architects, it could have included an additional exemption. This begs the question whether the legislature, at the time of enacting 429.012 in 1974, intended to require architects to give notice in accordance with that section. The action of the 1986 legislature is not an authoritative guide to the intention of the 1974 legislature.[4]

Both sides argue policy considerations. The plaintiff suggests that property own-

3. *Krummel v. Hintz,* 222 S.W.2d 574 (Mo.App. 1949); *Arthur Morgan Trucking Co. v. Shartzer,* 237 Mo.App. 535, 174 S.W.2d 226 (Mo.App. 1943).

4. *See United States v. Southwestern Cable Co.,* 392 U.S. 157, 88 S.Ct. 1994, 20 L.Ed.2d 1001 (1968); *Rainwater v. United States,* 356 U.S. 590, 78 S.Ct. 946, 2 L.Ed.2d 996 (1958); *Tichenor v. Missouri State Lottery Commission,* 742 S.W.2d 170, 175 (Mo. banc 1988).

ers seldom have the problem with subcontractors of architects that they have with other subcontractors. The defendant points out that this plaintiff subcontracted some of its architectural work. These policy arguments do not answer the question. The 1971 legislature provided liens for architects without any requirement of notice to the owner of the terms of the lien law. The 1974 legislature could do as it thought wise. We must decide how its handiwork is to be construed.

We conclude that the specific language of subsection 4 of § 429.015 should prevail over the general language of subsection 1.[5] Section 429.015 applies specially to architects and other artisans who had had problems with mechanics lien coverage. It is often said that the mechanics lien statutes are to be construed with some liberality, so that contractors, artisans and suppliers may be properly compensated for their services.[6] The 1974 legislature could easily have placed the newly enacted 429.012[7] within the sections bracketed in subsection 4 of 429.015, had this been its intent. We believe that architect claimants are entitled to rely on the specification of statutes in subsection 4. The lien filing was not invalid for want of notice.

The judgment is reversed and the case is remanded for further proceedings in conformity with this opinion.

DONNELLY, WELLIVER, ROBERTSON, RENDLEN and HIGGINS, JJ., and MORGAN, Senior Judge, concur.

BILLINGS, C.J., not sitting.

---

5. See State ex rel. Fort Zumwalt School District v. Dickherber, 576 S.W.2d 532, 536–37 (Mo. banc 1979); Laughlin v. Forgrave, 432 S.W.2d 308 (Mo. banc 1968).

6. BCI Corporation v. Charlebois Construction Co., 673 S.W.2d 774 (Mo. banc 1984); R.L. Sweet Lumber Co. v. E.L. Lane, Inc., 513 S.W.2d 365 (Mo. banc 1974).

7. Actually styled 429.010 by the legislature. See note 2, supra.